71790. BAGBY v. THE STATE.
(342 SE2d 731)

Banke, Chief Judge.

The appellant, Walter Bagby, appeals his conviction of selling cocaine in violation of the Controlled Substances Act.

The evidence showed that one Glen Wood drove to the appellant's residence in the company of GBI agent Charlotte Crane and that upon his arrival there he (Wood) and an individual named Pam went inside the appellant's residence and purchased approximately one gram of cocaine while his two companions remained outside in the vehicle. Wood testified that after entering the house he asked the appellant to provide him some "coke," whereupon the appellant replied, "No, but wait a minute," and entered the kitchen, where he conversed with another man, who emerged from the kitchen and sold him some cocaine for $100. *Held*:

1. The appellant enumerates as error the admission of the testimony by a forensic chemist regarding the contents of certain notes and reports which had not been provided to defense counsel prior to trial. However, there is nothing in the record or transcript to indicate that any request for such production was made pursuant to OCGA § 17-7-211. Moreover, no objection was made at trial to the admission of the testimony in question. Consequently, this enumeration of error presents nothing for review. See generally *Cherry v. State,* 174 Ga. App. 145 (5) (329 SE2d 580) (1985).

2. The appellant contends that the trial court erred in allowing agent Crane and another GBI agent to testify that Wood had informed them that he had purchased drugs from the appellant on prior occasions. This evidence was relevant to show that the appellant had intentionally aided and abetted in the transaction and was consequently a party to the crime, rather than a mere bystander. See generally OCGA § 16-2-20 (b) (3). Since Wood had previously taken the stand and denied having made these statements, the testimony in question was consequently admissible both as substantive evidence and for impeachment purposes. See *Gibbons v. State,* 248 Ga. 858, 862 (286 SE2d 717) (1982). Accordingly, this enumeration of error is without merit.

3. The appellant further contends that the trial court erred in

allowing agent Crane to testify that, subsequent to the transaction for which the appellant was on trial, she (Crane) had unsuccessfully attempted to purchase more drugs from him, at which time he told her he had given all his drugs to another individual, "because things were hot and he was laying down for awhile." No objection was made to this testimony at trial, and consequently this enumeration of error presents nothing for review. See generally *Cherry v. State*, supra.

4. The appellant contends that the trial court made an improper reference to his failure to testify by charging the jury that "evidence is all of the sworn testimony received from the defendant and the witnesses, the exhibits admitted during the trial, and any facts agreed to by counsel for each side." Although the better practice in this situation would have been to have deleted the words "the defendant and" from the charge, we do not believe that the charge, read in its entirety and considered in context, may reasonably be construed as an allusion to or a comment on the appellant's failure to testify. Accord *Jones v. State*, 161 Ga. App. 620 (3) (288 SE2d 795) (1982); *Futch v. State*, 145 Ga. App. 485 (8) (243 SE2d 621) (1978). Moreover, even if it could be so construed, "not every allusion which may be made at a trial to a defendant's not testifying will constitute error." *Drake v. State*, 239 Ga. 232, 236 (236 SE2d 748) (1977). This enumeration of error is consequently without merit.

5. The appellant contends that the trial court erred in failing to charge the jury that mere presence at the scene of a crime at the time of its perpetration will not warrant a conviction. The state presented unrefuted evidence that cocaine was sold in the appellant's residence by a person with whom the appellant had spoken immediately after having discussed such a sale with the purchaser. Under such circumstances, it may not reasonably be inferred that the appellant was a mere bystander at the scene of the transaction. Consequently, this enumeration of error is without merit.

6. The appellant contends that the trial court erred in reiterating its charge to the jury regarding intent, after having defined the elements of the offense charged. Considering the charge as a whole, we find no "undue emphasis as to result in an unfair statement of the law in relation to the defendant's rights. [Cit.]" *Brown v. State*, 142 Ga. App. 247, 248 (235 SE2d 671) (1977). See also *Murray v. State*, 253 Ga. 90 (4) (317 SE2d 193) (1984). Accordingly, this enumeration of error is also without merit.

7. The appellant contends that the trial court erred in its charge regarding the definition of parties to a crime, by including in that definition OCGA §§ 16-2-20 (b) (2) and 16-2-20 (b) (4), pertaining to intentionally causing, advising, encouraging, hiring, counseling, or procuring another to commit a crime. Even assuming *arguendo* that these portions of the statute were inapplicable in the present case, it

is generally not error to include an entire Code section in a charge, even though portions are inapplicable. See *Keller v. State*, 245 Ga. 522 (1) (265 SE2d 813) (1980). The charge, considered in its entirety, could not have been misleading or confusing to the jury with regard to the state's theory of culpability; and we accordingly find no reversible error. Accord *Slack v. State*, 159 Ga. App. 185 (2) (283 SE2d 64) (1981).

8. The appellant contends that in charging the jury on the consideration to be given the testimony of expert witnesses, the court erred in including only the first portion of paragraph 52 (a) of the Suggested Pattern Jury Instructions for Criminal Cases, prepared by the Council of Superior Court Judges, pp. 69-70 (1984 ed.), and omitting the second portion. The trial court's charge correctly informed the jurors that they were not bound to accept the testimony of an expert witness and that they alone determined the weight to be afforded all testimony, including that of an expert. It was essentially the same as the charge approved in *Dobbs v. State*, 214 Ga. 206 (4) (104 SE2d 121) (1958). Furthermore, the only expert witness to testify in the present case was the forensic chemist who had analyzed the substance and determined it to be cocaine. His testimony was not controverted in any way, and the appellant has not suggested how he might have been prejudiced by the court's charge as given. This enumeration of error is consequently without merit.

9. The evidence was sufficient to enable a rational trier of fact to find the appellant guilty beyond reasonable doubt of selling cocaine in violation of the Controlled Substances Act. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Fluellen v. State*, 253 Ga. 285 (319 SE2d 451) (1984).

10. The remaining enumerations of error have been thoroughly considered and determined to be without merit.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MARCH 3, 1986 —
REHEARING DENIED MARCH 14, 1986 — ▮▮▮▮▮▮▮

*James E. Palmour III*, for appellant.
*Bruce L. Udolf, District Attorney, Daniel A. Summer, Assistant District Attorney*, for appellee.