## 72821. GRIFFIN v. THE STATE.
### (350 SE2d 270)

SOGNIER, Judge.

Griffin appeals from his conviction of burglary and two counts of entering an automobile with intent to commit a theft therein.

1. Appellant contends error in his motion to sever the burglary charge from the other two charges. The basis for the motion was the fact that the State intended to introduce evidence of appellant's prior conviction of six counts of burglary. Appellant contends that such evidence was unrelated to the two counts of entering an automobile, and those counts were unrelated to the charge of burglary. Thus, argues appellant, a severance should have been granted.

All of the offenses in the instant case occurred on the night of

April 4-5, 1985. The two offenses of entering an automobile occurred in the same apartment complex and the burglary occurred at a lodge building approximately seventy-five yards from the apartment complex. Appellant made one written and two oral confessions that he committed all three offenses. In his confessions appellant stated that he entered the two cars and took stereo cassette players, then entered the lodge building through a vent on the roof.

Where the joinder of offenses is based upon the same conduct or on a series of acts connected together or constituting part of a single scheme or plan, severance lies within the sound discretion of the trial judge, since the facts in each case are likely to be unique. In determining whether severance is necessary to fairly determine the defendant's guilt or innocence of each offense, the court should consider whether in view of the number of offenses charged and the complexity of the evidence to be offered, the triers of fact will be able to distinguish the evidence and apply the law intelligently to each offense. *Thomas v. State*, 174 Ga. App. 761 (1) (331 SE2d 627) (1985). Clearly the offenses here were a series of continuous acts connected together both in time and the area in which committed. Under such circumstances we find no abuse of discretion by the trial court in denying appellant's motion to sever.

2. Appellant contends error by allowing the State to introduce evidence of appellant's conviction of six prior burglaries, to which he had pleaded guilty. Appellant argues that the offenses were not committed in a similar manner, and thus, had no logical connection to the offenses with which he was charged. The State was also allowed to introduce evidence of a prior conviction of appellant for theft by receiving stolen property. In addition to the argument as to lack of similarity of offenses, appellant argues that the court failed to give proper limiting instructions on the purpose for which the evidence of theft by receiving was admitted into evidence. These contentions are without merit.

Before evidence of independent crimes is admissible, it must be shown that the defendant was the perpetrator of the independent crime, and there must be sufficient similarity or connection between the independent crime and the offense charged that proof of the former tends to prove the latter. *Davis v. State*, 249 Ga. 309, 311 (1) (290 SE2d 273) (1982). There is no question that appellant was the perpetrator of the prior burglaries, since he had pleaded guilty to the offenses. All of the offenses were burglaries and occurred after the establishments burglarized had closed for the night. The burglaries occurred during a short period of time of one another and were all in the same city. Further, each of the prior burglaries was committed to obtain money for the purchase of drugs, and the instant offenses were committed for the same purpose.

Evidence of similar offenses is admissible to show identity, *Lee v. State*, 154 Ga. App. 562, 565 (2) (269 SE2d 65) (1980), and to show guilty knowledge, motive and intent of the accused. *Collins v. State*, 239 Ga. 45 (235 SE2d 523) (1977); *Tuzman v. State*, 145 Ga. App. 761, 762 (2) (244 SE2d 882) (1978). Since appellant said he remembered nothing about the offenses charged here, and that he was "strung out" on drugs, the evidence was admissible on the issue of appellant's identity (as the perpetrator), his motive, and the issue of his intent.

In regard to appellant's prior conviction of theft by receiving stolen property, such evidence was not introduced as evidence of a similar offense. Rather, it was introduced after appellant placed his character in issue by testifying that he had been sentenced in State court to one year of confinement, that he stole to get money for drugs, and that he used drugs. When a defendant testifies and admits any prior criminal conduct, the prosecutor can cross-examine him as to such conduct and may prove other prior convictions. *Phillips v. State*, 254 Ga. 370, 372 (329 SE2d 475) (1985). Hence, it was not error to admit evidence of this prior conviction.

Appellant also argues that the court's failure to give a limiting instruction to the jury as to the purpose for which this prior conviction was admitted was error. Appellant made no request for such a charge, either at the time the evidence was admitted or at the close of the evidence. Thus, there was no error in failing to give a limiting instruction. *Thomas v. State*, 175 Ga. App. 873, 877 (5) (334 SE2d 903) (1985).

*Judgment affirmed. Birdsong, P. J., concurs. Banke, C. J., concurs specially.*

BANKE, Chief Judge, concurring specially.

I do not believe the mere fact that the appellant had been convicted of burglarizing businesses which were closed for the night warranted any inference that he was the perpetrator of the offense for which he was on trial. It is, after all, unusual for a business establishment to be burglarized while it is open. Absent a showing of some *significant* similarity between the manner in which the previous burglaries were committed and the manner in which the present offense was committed, the only effect of the evidence in question was to suggest that the appellant, as a convicted burglar, had the criminal disposition to commit more burglaries. However, that is precisely the purpose for which evidence of prior offenses may not be used. "In this state, evidence of independent crimes is admissible if relevant to some issue on trial, but is not admissible if its only effect is to place the defendant's bad character before the jury, which is prohibited. [Cit.]" *Moore v. State*, 254 Ga. 674, 676 (333 SE2d 605) (1985). Ac-

cordingly, were it not for the fact that the appellant ultimately elected to place his character in issue himself by admitting some but not all of his past criminal conduct, I would hold that the trial court erred in allowing the prior burglary convictions into evidence.

DECIDED OCTOBER 16, 1986 —<br>REHEARING DENIED OCTOBER 28, 1986.

*Dan T. Pressley, Sr.,* for appellant.
*Michael H. Crawford, District Attorney, Leonard Geldon, Assistant District Attorney,* for appellee.