## 74873. NELSON v. THE STATE.
(360 SE2d 749)

DEEN, Presiding Judge.

Marshall Nelson was convicted of possession of cocaine and appeals following the denial of his motion for a new trial.

1. Appellant's first three enumerations of error raise the general grounds. He was charged with only count five of a multiple-count indictment (trafficking in cocaine), but was convicted of the lesser included offense of possession.

The evidence showed that an undercover Drug Enforcement Administration Agent had several prior transactions with the Williams brothers, with the help of another individual who would front cocaine supplied by Bubba Bass. Finally, the agent arranged to buy four ounces of high-grade cocaine for $7,200. Willie Williams testified at trial that by the time the agent let it be known that he wanted to make the purchase, he and his brother had lost contact with Bass, but referred him to appellant. Appellant agreed to locate Bass in exchange for a cut of the cocaine. He had a telephone number by which Bass' beeper could be contacted and went to a restaurant where he paged Bass and set up the cocaine delivery. The beeper had been rented by appellant and was listed in his name. Although he contended that he rented the beeper so his wife could contact him at work without calling on the telephone, and that he innocently left it with Bass, a jury could find that Bass, who was careful not to deal directly with the agent, conspired with Nelson to use the beeper in order to shield himself from direct involvement in a drug transaction. Bass met Williams and Nelson at the latter's apartment, and then the men got into a car. Bass and Nelson were in the front seat, and Bass handed the drugs to Williams in the back seat who immediately left. Bass and Nelson followed Williams to a Zayre's parking lot and observed the ensuing events from a Piggly Wiggly parking lot. Williams met the agent, an arrest followed, and Bass and Nelson left. Appellant admitted observing the drug bust, but claimed he was merely going out for dinner with Bass and did not know why they were parked in the Piggly Wiggly lot watching what was going on in the Zayre's lot. Appellant freely admitted to the habitual use of cocaine.

From the evidence presented at trial, and construing it in favor of the prosecution, we find that a rational trier of fact could find Nelson guilty of possession beyond a reasonable doubt. *Crawford v. State*, 245 Ga. 89 (263 SE2d 131) (1980).

2. The trial court's refusal to sever Nelson's trial from that of his co-defendants was not an abuse of its discretion. Appellant argues that the multiple counts against his four co-defendants unfairly confused the jury and caused them to return a guilty verdict against him on count five.

The grant of a severance is within the sound discretion of the trial court and will not be reversed absent a showing that the joint trial constituted a denial of due process. *Carroll v. State*, 147 Ga. App. 332 (248 SE2d 702) (1978). The three elements that the court must consider are "(1) whether a joint trial will create confusion of evidence and law, (2) whether there is danger that evidence implicating one defendant will be considered against the other defendant despite cautionary instructions, and (3) whether the co-defendants will assert antagonistic defenses. *Jones v. State*, 243 Ga. 584, 586 (255 SE2d 702)." *Polke v. State*, 178 Ga. App. 404, 407 (343 SE2d 167) (1986).

Applying the above test to the instant case, we find that the trial court did not abuse its discretion in refusing to sever appellant's trial. The evidence was overwhelming that Nelson took an active part in protecting Bubba Bass in procuring the cocaine and in expediting the sale of four ounces of cocaine. It is therefore unlikely that a jury returned a guilty verdict because the evidence against the co-defendants confused them. At no time did Williams or Bass predicate his defense upon the guilt of appellant. The jury was instructed that he was charged only with count five, trafficking in cocaine, in that he did (as a party) "deliver more than twenty-eight grams of cocaine," and that they might convict him of the lesser included offense of straight possession of cocaine. He was convicted of the lesser offense of "constructive possession." It is therefore obvious that the jury recognized that he did not actually possess the cocaine, and that it weighed the evidence against him individually and without confusion.

3. It was not error for the trial court to permit the prosecution to ask appellant about the marijuana cigarette found on the table in front of him at the time of his arrest. He claims that the question was a violation of Rule 31.3 of the Uniform Rules of the Superior Courts because he was not given the requisite notice of intent to use evidence of similar transactions against him at trial.

A similar enumeration was raised in the appeal of a co-defendant and decided adversely to him. *Williams v. State*, 182 Ga. App. 849 (357 SE2d 301) (1987). This situation, however, is factually different. "It is well-established that evidence of independent criminal conduct may be admitted for the purpose of showing intent, motive and the like where its relevancy and materiality outweigh any possible prejudice to the accused. [Cits.]" *Mines v. State*, 167 Ga. App. 766 (2) (307 SE2d 291) (1983). Moreover, during his testimony, appellant accused the arresting officer of making up a case against him in order to force him to help make a case against Bubba Bass. During cross-examination, the prosecution asked appellant if the officer found a marijuana cigarette, threw it away, and did not charge him with that offense. As this testimony was used to rebut his claim of coercion, we

find that it did not violate the notice requirements of Rule 31.3. Subsection (E) of the rule states: "Nothing in this rule is intended to alter the rules of evidence relating to impeachment of witnesses." Appellant voluntarily informed the jury on direct that he was a cocaine user and had used it on many occasions prior to his arrest. We fail to see how evidence of a marijuana cigarette which was used to rebut his claim of coercion could be harmful to him.

4. As constructive possession may constitute trafficking, the court did not err in charging the jury accordingly. *Lang v. State*, 171 Ga. App. 368 (320 SE2d 185) (1984). Appellant, however, was found guilty of the lesser included offense of possession, and we find no error.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1987.

*P. Craig Davis*, for appellant.

*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Thomas J. Matthews, Assistant District Attorneys*, for appellee.