*Robert F. Oliver, John O. Bouwsma*, for appellee.

### 74592. THOMAS v. THE STATE.
(361 SE2d 280)

BENHAM, Judge.

This appeal is from appellant's conviction of two counts of sale of cocaine and one count of trafficking in cocaine.

1. In several enumerations of error, appellant asserts that the evidence was insufficient to authorize his conviction. Testimony by police officers and by appellant's co-indictee established that purchases of cocaine were twice arranged between an undercover officer and appellant's co-indictee and that appellant sold the cocaine to his co-indictee on both occasions. Testimony by police officers who arrested appellant established that he ran from them when they identified themselves; that he threw away two items as he ran; and that they recovered the two items, one that night and the other the next morning. A witness from the State Crime Lab testified that the two containers identified as those thrown away by appellant before his arrest contained cocaine of 71 percent purity weighing approximately 55 grams. That evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA §§ 16-13-30 (b) and 16-13-31. As to sale of cocaine, see *Bagby v. State*, 178 Ga. App. 282 (9) (342 SE2d 731) (1986); as to trafficking in cocaine, see *Recoba v. State*, 179 Ga. App. 31 (2) (345 SE2d 81) (1986).

2. Appellant has enumerated as error the trial court's refusal to permit him to represent himself at trial. After indictment, counsel was appointed for appellant. Appellant subsequently retained that same counsel. One week before trial, appellant fired that attorney and

retained another. At trial, appellant expressed his dissatisfaction with that attorney, whereupon the trial court appointed another attorney to represent appellant and directed the second attorney appellant had retained to remain and assist the most recently acquired counsel. In addition, the trial court gave appellant extremely wide latitude in conducting portions of his defense. "While it may be error to deny one the right to defend his own cause [cit.] where the right was timely urged prior to trial [cit.], the defendant cannot frivolously change his mind in midstream. [Cit.]" *Clark v. State*, 145 Ga. App. 119 (2) (243 SE2d 97) (1978). Under the circumstances here, we find no error in the trial court's decision on the issue of representation.

3. Contending that his counsel was unprepared, appellant asserts that the trial court erred in denying appellant's motion for a continuance. "A motion for continuance is addressed to the sound discretion of the trial court, OCGA § 17-8-22, and this court will not interfere unless it is clearly shown that the court abused its discretion." *O'Neal v. State*, 254 Ga. 1 (2) (325 SE2d 759) (1985). Under the circumstances enumerated in Division 2 of this opinion, and considering the statement of appellant's retained counsel that he was prepared for trial, we find no abuse of discretion in the denial of appellant's motion for a continuance.

4. Although no written motion to suppress evidence was filed, the trial court permitted an oral motion to be argued. The motion was directed at the fruits of a search of appellant's daughter's house. Appellant's argument in support of his contention that the trial court improperly denied the motion is that there was not probable cause for the search. The affidavit in support of the application for the warrant pursuant to which the house was searched stated that the affiant had been told by a named law enforcement officer that he had twice purchased cocaine from appellant and that on a date four days before the application was filed, the officer had bought cocaine from appellant after appellant had gone into the premises to be searched for the purpose of securing cocaine. Using the "totality of the circumstances" test set out in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983) (see *Mosley v. State*, 180 Ga. App. 30 (1) (348 SE2d 555) (1986)), we find no error in the trial court's ruling that the warrant was properly issued.

5. Appellant's co-indictee, who had acted as a go-between in the transactions from which this case arose, testified for the State at trial. On cross-examination, defense counsel questioned the witness at length concerning the amount of money the undercover officer had given him for the purpose of buying cocaine, the price he had actually paid, and the disposition of the remainder of the funds. The obvious purpose of the questioning was to discredit the witness by showing that he had lied to the undercover officer about the price so that he

could steal the difference. After establishing that the witness had pocketed the difference between what he was given and what he paid, defense counsel asked the witness whether he had done any construction work for appellant and, specifically, whether appellant had paid him for work he had not done. The witness admitted that he had been paid for work he had not done, but whenever defense counsel pressed him for the exact amount he was paid, he repeatedly replied that no money was involved. Again, the line of questioning was clearly designed to discredit the witness.

On recross-examination, the State was permitted, over a defense objection, to elicit from the witness the reason he was able to buy the cocaine for less than he charged the undercover officer and the manner in which the witness was paid for construction work. The first response was that appellant gave the witness a discount because of the numerous purchases the witness had made from him; the second was that appellant paid the witness in cocaine. Appellant enumerates as error the admission of that testimony, arguing that the State's failure to comply with Rule 31.3 of the Uniform Rules for the Superior Courts rendered the testimony inadmissible.

While appellant is correct that the rule requires that the State give notice of evidence of similar transactions which will be offered in evidence at trial, there is an exception to the rule which we believe is applicable to this case. In paragraph (E) of the rule, the last sentence reads, "Nothing in this rule is intended to alter the rules of evidence relating to impeachment of witnesses." The defense's effort to discredit the witness was proper under the rule that "a party may show any fact or circumstance that might affect the credit of an opposing witness" (*Arnold v. State,* 163 Ga. App. 10 (4) (293 SE2d 501) (1982)); it is also proper, where testimony tending to discredit a witness has been drawn from him on cross-examination, to permit the witness to explain the matter. *Benefield v. State,* 140 Ga. App. 727 (5) (232 SE2d 89) (1976). The complained-of testimony being admissible under the rules relating to impeachment of witnesses, Rule 31.3 was inapplicable and there was no error in admitting the testimony.

6. Appellant argues that the trafficking charge is unrelated to the two sales charges and should have been severed for trial. "Where the joinder of offenses is based upon the same conduct or on a series of acts connected together or constituting part of a single scheme or plan, severance lies within the sound discretion of the trial judge, since the facts in each case are likely to be unique. In determining whether severance is necessary to fairly determine the defendant's guilt or innocence of each offense, the court should consider whether in view of the number of offenses charged and the complexity of the evidence to be offered, the triers of fact will be able to distinguish the evidence and apply the law intelligently to each offense. [Cit.]" *Grif-*

*fin v. State*, 180 Ga. App. 682 (1) (350 SE2d 270) (1986). The offenses here were simple, the evidence was direct and uncomplicated, two of the offenses were obviously related as part of a continuous course of criminal conduct, and the third offense occurred as appellant was being arrested for the first two. Under those circumstances, we find no abuse of discretion in the trial court's refusal to sever the offenses for trial.

7. Whether to allow sequestered voir dire, as appellant requested in this case, is a matter within the discretion of the trial judge. *Thomas v. State*, 248 Ga. 247 (4) (282 SE2d 316) (1981). Having provided no more than generalized assertions of harm, appellant has not demonstrated such an abuse of discretion as would warrant reversal on that ground, and we find no error.

8. Remaining assertions of error have either been abandoned by failure to argue them or are wholly without support in fact or law.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 28, 1987.

J. D. Thomas, *pro se.*

*Willis B. Sparks III, District Attorney, Robin B. Odom, Assistant District Attorney,* for appellee.

