### 75576. KING v. THE STATE.
#### (365 SE2d 852)

BANKE, Presiding Judge.

King brings this appeal from the denial of his motion for new trial following his conviction of armed robbery.

At approximately 9:30 p.m. on January 6, 1986, two men approached the victim, who was working as the cashier at a filling station, and asked for her change for the soft drink machine. As the victim opened the cash register, she was struck from behind on the head, suffering a severe laceration. While attempting to pull herself up from the floor, she observed a hand reach over the counter and remove cash from the register. The two men fled the store on foot. The victim testified that one of the men had been wearing a gray, hooded sweatsuit.

Approximately one hour later, the appellant, dressed in a gray, hooded sweatsuit, visited the home of a friend, Dorothy Gaston, and asked to borrow her car so that he could go home to change his clothes. The appellant told Ms. Gaston that he and two other men had just robbed a filling station and that one of the other men had struck a woman in the head with a metal pipe, perhaps killing her. Ms. Gaston ordered the appellant out of her house and reported what he had told her to the police, who issued a lookout for his arrest. As the appellant was leaving the area, some neighborhood children observed that he was in possession of "a lot" of money.

Two days later, on January 8, 1986, the appellant voluntarily surrendered to police wearing a gray, hooded sweatsuit. He was advised of his *Miranda* rights at this time and executed a written waiver of his right to counsel. He then gave the investigating officer a written

statement in which he named Zack Hamm and Frankie Allen as the perpetrators of the robbery, while denying his own participation in the crime. He further stated that Hamm and Allen had paid him to remain quiet about their involvement.

Hamm and Allen were arrested shortly thereafter; and on the following day, January 9, 1986, the police informed the appellant that the two men had implicated him in the crime. After again being advised of his *Miranda* rights, the appellant thereupon admitted that he had, in fact, gone into the store with Allen and had personally removed the cash from the register. Following a *Jackson v. Denno* hearing, the trial court determined that the latter admission was voluntary and allowed it into evidence. *Held*:

1. The appellant contends that the trial court erred in allowing his later, more incriminatory custodial statement into evidence without requiring the state also to reveal his earlier, more exculpatory statement. When this objection was made at trial, the trial court advised appellant's counsel that the state had no such obligation but assured him that he would have the opportunity to cross-examine the officer concerning the entire content of the appellant's custodial statements. The appellant's counsel subsequently established the "exculpatory" portions of the appellant's pre-trial statements during the course of such cross-examinations.

"The rule of evidence is, that when an admission, conversation or declaration previously made by a party or a witness is pertinent, the side tendering evidence as to the same is at liberty to prove such portion only thereof as is deemed material, and the other side may then bring out the whole of the admission, conversation or declaration, so far as so doing may be essential in order to arrive at the true drift, intent and meaning of what was said on the previous occasion. [Cits.]" *Peacock v. State*, 170 Ga. App. 309, 312 (316 SE2d 864) (1984). In this case, the "exculpatory" statements which the appellant made while in police custody were brought to the jury's attention almost immediately after the more incriminatory statements were proven, and we cannot conceive of any prejudice which the appellant might have suffered as a result of the procedure used. See generally *Wyatt v. State*, 179 Ga. App. 327 (1) (346 SE2d 387) (1986). Consequently, we find this enumeration of error to be without merit.

2. A police officer who had remained in the courtroom throughout the trial to assist the state, and who had been called as the state's first witness at the request of the appellant, was later recalled by the appellant for questioning regarding the "exculpatory" statement he (the appellant) had made to the police after his arrest. During subsequent questioning by the prosecution, the incriminating testimony of the previous state's witnesses was summarized for the witness, who was then asked whether he had, in fact, heard that testimony. The

appellant enumerates as error the denial of his subsequent objection to such questioning on hearsay grounds. This enumeration of error is without merit. "The hearsay definition in [OCGA § 24-3-1] speaks of rejecting hearsay because its probative value does not rest on the credit of the witness reporting it. This statement has been interpreted to mean that credit is established only after a statement has been subjected to cross-examination, and an out-of-court statement which is not subjected to cross-examination generally has insufficient credit to be admissible." Green, Ga. Law of Evidence, p. 369, § 219 (2d ed.). The testimony offered by the previous state's witness obviously was offered under oath, in the presence of both the appellant and the jury, and was subject to cross-examination. Thus, while the question asked by the state's attorney might or might not have been objectionable for some other reason, it was not objectionable on the ground that it sought to elicit hearsay.

3. The appellant contends that the trial court erred in failing to give his requested jury instructions pertaining to "mere presence" at the scene of a crime, parties to a crime, and concealment of a crime after its commission.

The only evidence in conflict with the state's theory of the crime consisted of the appellant's initial statement to the police, along with the testimony of Dorothy Gaston's daughter to the effect that she had heard the appellant say he was at a nearby McDonald's restaurant when Allen and Hamm came in, told him that they had committed the armed robbery, and paid him half of the robbery proceeds to "keep quiet." The "mere presence" theory was totally inconsistent with either this or the state's version of the events. With regard to the instruction pertaining to parties to a crime, the court did in fact give a correct charge on the provisions of OCGA § 16-2-20. Finally, we hold that the court did not err in refusing to charge the jury that mere evidence of concealment of a crime would not support a conviction thereof, both because the jury could not reasonably have concluded from the court's charge as given that a conviction would be warranted on the basis of evidence of mere concealment, and also because the state obviously was not seeking a conviction based on such a theory. Having reviewed the charge in its entirety, we conclude that it was not misleading or confusing with regard to the state's theory of culpability; and we hold that the trial court did not err in failing to give any of the requested instructions at issue. See generally *Bagby v. State*, 178 Ga. App. 282 (7) (342 SE2d 731) (1986).

4. The appellant enumerates as error the denial of his motion for a directed verdict of acquittal, contending that there was no proof that it was he who took the money from the cash drawer. This enumeration of error is without merit for two reasons. In the first place, the appellant himself admitted, both in his statement to the police

and in his statement to Dorothy Gaston, that it had been he who grabbed the money. Secondly, such evidence was not, in any event, necessary to establish his guilt as a party to the offense. The evidence, taken as a whole, was amply sufficient to enable a rational trier of fact to find the appellant guilty as charged beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Benham, J., concurs. Carley, J., concurs in Divisions 1, 3, 4 and in judgment.*

DECIDED JANUARY 13, 1988 —
REHEARINGS DENIED FEBRUARY 1, 1988 —

*Griffin E. Howell III*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Anne Cobb, Assistant District Attorney*, for appellee.