A89A1512. WILLIS v. THE STATE.

(388 SE2d 869)

POPE, Judge.

Defendant Fred Willis appeals his convictions on two counts of violation of the Georgia Controlled Substances Act for selling cocaine to an undercover officer. We affirm.

1. Defendant first argues the trial court erred in denying his motion for continuance so that he could interview and subpoena the individual who was not identified to defendant's counsel as an informant until the day the trial commenced, despite the fact that defendant had timely filed a motion requesting the identity of informers. However, this was not a case involving an unknown informant. By defendant's own testimony at trial defendant was aware that the informant was present at the first of the two transactions between defendant and the undercover agent. Since defendant already knew the identity of the informant and that he was an eyewitness to the transaction, defendant had the opportunity to interview the witness and secure his testimony at trial even before the informant's name was provided by the prosecutor. "A continuance requested by the defendant in order to obtain the presence at trial of a material witness is properly denied if the defendant has not been diligent in attempting to procure the attendance of the absent witness." *Burney v. State*, 244 Ga. 33, 40 (257 SE2d 543), cert. denied, 444 U. S. 970 (1979).

2. Appellant argues that one of the two exhibits containing cocaine, and the testimony concerning the chemical analysis of that substance, was improperly admitted into evidence because the State failed to establish a proper chain of custody for the evidence. The undercover officer testified that immediately after the purchase on March 21, 1984, she took the package of suspected cocaine from the informant's hand and placed it in a plastic bag together with an evidence tag. She kept the evidence in her possession until she turned it over to another agent on March 23 when she saw him at a training session. Although there was conflicting testimony as to the location

where the two agents met for the transfer of evidence, it is uncontradicted that the transfer took place. The second agent testified he kept the evidence locked in a safe at the Region II Office of the GBI until he personally delivered the evidence to the Macon Branch of the State Crime Lab for analysis. The chemist who performed the chemical analysis testified the lab records showed the evidence was shipped to the Macon Crime Lab via certified mail. We reject defendant's argument that the discrepancy in testimony concerning how the evidence was transported to the Crime Lab is sufficient to exclude the evidence at trial. No suggestion of tampering was presented at trial. "Where chain of custody is involved the identity of the evidence need not be proved beyond all possibility of doubt, or that all possibility of tampering with [it] be excluded. The circumstances need only establish a reasonable assurance of the identity." *Dempsey v. State*, 162 Ga. App. 390, 392 (291 SE2d 449) (1982). "It is not necessary that the state negative all possibility of tampering but only that it show it is reasonably certain there was no alteration — when there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight." (Citations and punctuation omitted.) *Law v. State*, 165 Ga. App. 687, 691-692 (302 SE2d 570) (1983) (where the evidence bag containing cocaine was sent from one crime lab to another via United Parcel Service).

3. On rebuttal one of the investigators in the case testified that he commenced the investigation of defendant in response to information received from the informant and also testified to a conversation between defendant and the informant which the investigator overheard through audio equipment worn and concealed by the informant. Defendant did not object to the testimony concerning the informant's statements to the investigator, which were presented to explain how and why the investigation was commenced. The trial court properly overruled defendant's objection, on the ground of hearsay, to testimony concerning the overheard conversation. Testimony concerning a conversation which took place in the defendant's presence is not hearsay and the defendant's right to cross-examination is not jeopardized. *Hewitt v. State*, 127 Ga. App. 180 (2) (193 SE2d 47) (1972). The interception of a conversation by a law enforcement officer is not illegal where at least one party to the conversation consents thereto and the conversation is in furtherance of a crime. *Goodwin v. State*, 154 Ga. App. 46 (1a) (267 SE2d 488) (1980). The testimony concerning the conversation shows it involved the sale of cocaine by defendant to the informant. We reject defendant's argument that no evidence was presented to show the informant consented to the interception. The informant's consent is implied by the fact that he permitted the officer to place a "body bug" on him. Id. at (1b).

4. The testimony concerning information gleaned by use of a "body bug" on the informant related to a previous incident involving a sale of drugs by the defendant to the informant for which defendant was not indicted or tried. Defendant argues the court erred in allowing the state to introduce testimony concerning this previous incident because the state did not comply with the requirements of Uniform Superior Court Rule 31.1 by disclosing prior to trial its intent to present evidence of a similar transaction. However, the record shows this testimony was offered on rebuttal to impeach the defendant's testimony that he had never sold drugs to anyone. The rule requiring prior disclosure of the State's intent to introduce evidence of a similar transaction in a criminal trial does not prevent the state from offering such evidence for impeachment purposes. Uniform Superior Court Rule 31.3 (E). See *Sidwell v. State*, 185 Ga. App. 138 (1) (363 SE2d 603) (1987); *Thomas v. State*, 184 Ga. App. 318 (5) (361 SE2d 280) (1987); *Nelson v. State*, 184 Ga. App. 84 (3) (360 SE2d 749) (1987).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 9, 1989 —
REHEARING DENIED NOVEMBER 27, 1989 —

*Virgil L. Brown & Associates, Virgil L. Brown*, for appellant.
*W. Fletcher Sams, District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.