## A91A2171. EALY v. THE STATE.
(416 SE2d 559)

BEASLEY, Judge.

Ealy appeals from the judgment of conviction and sentence for the sale of cocaine in violation of the Georgia Controlled Substances Act, OCGA § 16-13-30 (b). His motion for new trial was denied.

On April 20, 1990, an undercover police officer and confidential informant were dispatched to a pool hall to participate in a controlled undercover purchase of drugs from Clark, who was the owner of the premises and the target of a police investigation. The two approached Clark, who was standing outside the building, and told him they were looking for crack cocaine. After discussion concerning price and quantity, the trio entered the pool hall at Clark's invitation. The officer observed appellant and an unidentified woman sitting at the bar.

Clark directed the officer and the informant to a back room where he left them alone. After a brief period of time, appellant entered the back room and handed a piece of aluminum foil to the officer. He opened it and observed a "white rock substance [which] appeared to be crack cocaine." He told appellant that it "looked good" and paid him $250. The officer and the informant left the premises and directly surrendered the contraband to narcotics investigator Tiller.

The undercover officer identified appellant's photograph in a photographic lineup as the man who had delivered the cocaine. He was arrested approximately two months later.

Appellant and Clark were jointly charged in Count 1 of a two-count indictment with sale of cocaine on April 20, 1990. Only Clark was charged in the second count, with a subsequent sale of cocaine on April 25. Appellant was tried alone on count one. The jury was aware throughout the trial of the existence of the second count and was informed in defense counsel's opening statement that Clark had entered a negotiated plea.

During the State's case-in-chief, a forensic chemist with the State crime lab identified State's exhibit 8 as consisting of 3.1 grams of "crack" cocaine that had been brought to the lab for analysis on April 25, 1990, by narcotics investigator Tiller. Upon receipt of the specimen from Tiller, the chemist labeled it A-90-1463. When asked on cross-examination whether State's exhibit 8 "is the contraband involved in this case," the chemist testified that it was. It was admitted although it turned out to be the cocaine relating to Count 2, which charged Clark who was not on trial.

Appellant's counsel objected to its introduction, asserting that State's exhibit 8 could not have been the evidence obtained from the April 20 sale involving appellant, because in response to appellant's discovery requests seeking reports of scientific tests conducted on the

contraband, the State had provided information about a quantity of 3.3 grams of crack cocaine labeled A-90-1404, which had been received in the crime lab on April 23, 1990.

After a brief recess, the prosecutor produced State's exhibit 9, which the chemist identified as 3.3 grams of cocaine that had been brought to him for analysis by investigator Tiller on April 23, 1990. It was labeled A-90-1404. It was admitted over objection based on chain-of-custody.

The State rested and appellant's counsel moved for a directed verdict of acquittal, asserting that the chemist had incorrectly identified State's exhibit 8 as the cocaine involving appellant. The trial court denied appellant's motion.

The State was permitted to re-open its case for the purpose of recalling Investigator Tiller. He again testified that he received the cocaine involved in the April 20 sale from the undercover officer, and that he placed it in his drug locker where it remained until he turned it over to the chemist on April 23. This was the specimen labeled A-90-1404. He stated that the other evidence introduced at trial as State's exhibit 8 "doesn't concern [appellant]." Instead, it had been sold by Clark to the undercover officer during a later transaction and "has nothing to do with this case." The officer testified that there was no confusion in his mind as to which transaction had involved appellant.

On the next day of trial, prior to closing argument, appellant moved for mistrial asserting that the introduction of State's exhibit 8 constituted evidence of a separate offense which impermissibly placed his character in issue without notice under Uniform Superior Court Rule 31.3. That motion was denied. The trial court ruled that both exhibits 8 and 9, having been admitted in evidence, were to be sent out with the jury.

1. On appeal, appellant contends that the trial court erred in denying his motion for mistrial. The grounds he raises are that the introduction into evidence of State's exhibit 8, the cocaine which Clark sold on April 25, violated the notice requirement of USCR 31.3 and impermissibly placed his character in issue contrary to OCGA § 24-9-20 (b).

The court instructed the jury that appellant was charged in only one count of the two-count indictment and that the second count contained a charge only against Clark "and does not involve the defendant in this case." The indictment was provided to the jury during their deliberations. It was clear from the testimony that exhibit 8 related only to the count against Clark.

Exhibit 8 did not constitute evidence of a similar transaction of appellant's which the State sought to, or did, use against him. The State never suggested, nor would it be inferable from any of the evi-

dence, that appellant was implicated in any way in Count 2. Consequently, adherence to USCR 31.1. and 31.3 was not required because the packet of cocaine from the April 25 sale did not place appellant's character in issue in violation of OCGA § 24-9-20 (b). Thus there was no call for a mistrial on these grounds. Although the exhibit should have been excluded as irrelevant, its presence in the body of evidence was surplusage.

2. Appellant claims the State failed to show a proper chain of custody adequate to preserve the identity of State's exhibit 9, the cocaine with which he was charged.

"Where the State seeks to introduce evidence of a fungible nature, it must show a chain of custody adequate to preserve the identity of the evidence. [Cit.] The burden is on the State 'to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution.' [Cits.] The State need not negative every possibility of tampering, and 'need only establish reasonable assurance of the identity' of the evidence. [Cit.]" *Anderson v. State*, 247 Ga. 397, 399 (2) (276 SE2d 603) (1981).

The State showed with "reasonable certainty" that the cocaine offered into evidence as State's exhibit 9 remained in the custody of law enforcement personnel until taken to the State crime lab and is the same evidence as was sold by appellant on April 20. The State established a proper chain of custody. See *Willis v. State*, 193 Ga. App. 659 (2) (388 SE2d 869) (1989). Its temporary confusion, at trial, with another packet of cocaine, did not infect the establishment of its chain of custody.

3. The trial court did not err in denying appellant's motion to disclose the identity of the confidential informant.

On cross-examination, the undercover officer testified that he had no knowledge of the identity of the informant. When counsel continued to inquire in this regard, the trial court ruled that it would not require the witness to reveal the identity of the informant, either by name or description. Counsel objected without specifying the grounds. There was no proffer made of the materiality and necessity for the informant's testimony. "The trial court must be apprised of the purpose of any inquiry to which the objection is made." *State v. Mason*, 181 Ga. App. 806, 812 (4) (353 SE2d 915) (1987). Given the informant's limited role in the transaction, Clark's participation, and appellant's failure to establish prima facie the necessity for disclosure, no further inquiry by the court was required. *Smith v. State*, 192 Ga. App. 144 (1) (384 SE2d 677) (1989); *Statiras v. State*, 170 Ga. App. 739 (318 SE2d 156) (1984); *Mason*, supra.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED MARCH 5, 1992.

Maureen O. Floyd, Douglas J. Flanagan, for appellant.
Michael C. Eubanks, District Attorney, Richard E. Thomas, Daniel W. Hamilton, Assistant District Attorneys, for appellee.