A93A1911. TACKETT et al. v. THE STATE.
(440 SE2d 74)

ANDREWS, Judge.

Anthony Ray Tackett and Mary Ann Adams entered pleas of nolo contendere to charges of violating the Georgia Controlled Substances Act. As part of their negotiated plea, the prosecutor and the trial court agreed to an express reservation of appellants' right to bring this appeal from the denial of their motions to suppress. See *Claffey v. State*, 209 Ga. App. 455 (433 SE2d 441) (1993); *Mims v. State*, 201 Ga. App. 277, 278 (1) (410 SE2d 824) (1991). Tackett and Adams enumerate three errors from the trial court's failure to grant their motions to suppress.

The court held a hearing on Tackett's motion, which motion Adams adopted. At the hearing, Detective Mike Leonard of the Dalton Police Department, testified that on August 27, 1992, he submitted an affidavit for a search warrant to be executed at a residence in which he thought appellant Tackett resided. The affidavit, which contained

all of the information presented to the magistrate, stated: "During the last three weeks, affiant has been conducting an investigation into illegal drug activity (selling marijuana) at and around the residence of Tony Tackett located at Pleasant Drive, Dalton, Whitfield County, Georgia. During the past 72 hours, affiant has made one controlled buy from Tony Tackett at his residence on Pleasant Drive. The controlled buy was made by a confidential informant who was assisting affiant in the investigation. The controlled buy was controlled by affiant. The confidential informant was seen by affiant entering the residence of Tony Tackett during the controlled buy of marijuana and all conversations by confidential informant and Tony Tackett were monitored by affiant during the controlled buy. While inside the residence of Tony Tackett, the confidential informant did observe a quantity of marijuana inside the residence during the controlled buy. Affiant has known confidential informant for the past two years and affiant has never found the informant untruthful. The confidential informant has provided other information to affiant previously which affiant has deemed true and accurate. Furthermore, the confidential informant has displayed a truthful demeanor while giving said information, and the confidential informant has nothing to gain by giving false information. For reasons stated above, affiant has probable cause to believe a quantity of marijuana is located at the residence of Tony Tackett. Other party clause. The confidential informant has in the past observed other people purchasing marijuana from inside the residence of Tony Tackett. In affiant's experience that marijuana is easily hidden or disposed of, affiant is requesting a other party clause."

In addition to that affidavit, an affidavit describing the trailer residence was submitted.

Leonard obtained a search warrant for the premises and a search was conducted at Tackett's residence at about 11:30 p.m. on August 27. Three bags of marijuana were found in the residence: one bag near a waterbed; one bag in Ms. Adam's purse; and one bag on Tackett's person. Adams admitted that the marijuana in the purse belonged to her. There was evidence that Adams lived at the trailer with Tackett.

1. In their first enumeration of error, appellants claim that the information used to secure the search warrant was secured by illegal means. In support of their argument, they cite *Dobbins v. State*, 262 Ga. 161 (415 SE2d 168) (1992), in which no valid consent to the conversation was involved. Given the facts of this case, *Dobbins* does not control.

Next, appellants argue that there was no evidence that the confidential informant consented to having his conversation monitored, nor was there any evidence that other persons present at Tackett's residence on the evening of the controlled buy consented to the recording. In this case, the warrant and supporting affidavit were pro-

duced. Detective Leonard testified that he put the body wire on the informant near his waist. "The informant's consent is implied by the fact that he permitted the officer to place a 'body bug' on him." (Citation omitted.) *Willis v. State*, 193 Ga. App. 659, 660 (3) (388 SE2d 869) (1989). There was no evidence that the provisions of OCGA § 16-11-66 were inapplicable or that the placement of the "body bug" was improper. Appellants' argument is without merit. See *Goodwin v. State*, 154 Ga. App. 46, 49 (1) (b) (267 SE2d 488) (1980) (if one of the parties divulges the conversation to others, he has consented to its interception and there is no need to prove such informant's consent to the monitoring); see generally *State v. Birge*, 240 Ga. 501 (241 SE2d 213) (1978); *State v. Slaughter*, 252 Ga. 435, 439 (315 SE2d 865) (1984) (discusses burden of proof in a motion to suppress). Furthermore, there was no evidence that the informant improperly recorded the conversation between himself, Tackett and other parties.

2. In their second enumeration of error, appellants claim that there was insufficient evidence contained in the affidavit to establish probable cause. Appellants raise several specific arguments in this regard, focusing on the fact that the affidavit does not establish that the affiant officer conducted an independent verification of the information.

This enumeration is without merit and the trial court's denial of the motions to suppress was proper. "In determining whether an affidavit sufficiently establishes the probable cause necessary for issuance of a warrant, we employ the 'totality of the circumstances' analysis enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), and adopted by this court in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984). . . . Under that analysis, the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . concluding' that probable cause existed. (Cit.)" *Gary v. State*, 262 Ga. 573, 577 (422 SE2d 426) (1992). "An informant's veracity, reliability, and basis of knowledge are 'highly relevant in determining the value of his report' and while these elements are not 'entirely separate and independent elements to be rigidly exacted in every case,' they are 'closely intertwined issues that may usefully illuminate the common-sense, practical question whether there is "probable cause" to believe that contraband or evidence is located in a particular place.' *Illinois v. Gates*, supra at 230." *State v. Brown*, 186 Ga. App. 155, 157 (2) (366 SE2d 816) (1988). Here, the magistrate who issued the warrant had a substantial basis

for concluding that probable cause existed. See generally *Wilbanks v. State*, 176 Ga. App. 533 (3) (336 SE2d 312) (1985); *State v. McKendree*, 188 Ga. App. 290 (372 SE2d 673) (1988).

3. Finally, appellants argue that the motion to suppress should have been granted as to Adams because she was neither named in the warrant nor did independent probable cause exist for a search of her purse.

As stated above, Adams adopted in writing Tackett's motion to suppress. The grounds asserted here were not raised in that motion. "OCGA § 17-5-30 establishes the statutory procedure which must be followed to suppress as evidence anything obtained as a result of an unlawful search or seizure on certain specified grounds. . . . OCGA § 17-5-30 (b) expressly requires that the motion to suppress shall be in writing and state facts showing that the search and seizure were unlawful. . . . [A]ll motions to suppress, whether based on statutory or non-statutory grounds must state facts and not merely conclusions." (Citations, punctuation and emphasis omitted.) *Boatright v. State*, 192 Ga. App. 112, 117 (8) (385 SE2d 298) (1989).

Although the motion to suppress contained details regarding Tackett's arguments, neither the arguments asserted in this enumeration, nor the pertinent facts thereto were presented in the motion to suppress. In the arguably pertinent portion of the motion to suppress, it argues only that the search exceeded the scope of the warrant, and was unconstitutional and illegal. "We find that the trial judge correctly concluded that the motion to suppress did not state facts showing that the search and seizure were illegal. Rather, the motion contains only a series of conclusions unsupported by statements of fact. Accordingly, the motion did not meet the statutory requirements of OCGA § 17-5-30 (b), and the trial court did not err in its disposition of the motion." See also *Taylor v. State*, 197 Ga. App. 678 (1) (399 SE2d 213) (1990).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 13, 1994.

*Harriss, Hartman, Aaron, Wharton & Boyd, John L. O'Dell*, for appellants.

*Jack O. Partain III, District Attorney, Bert M. Poston, Jr., Assistant District Attorney*, for appellee.