## 51681. BRIGHT v. THE STATE.

ARGUED JANUARY 15, 1976 — DECIDED JANUARY 28, 1976.

*Silver, Zevin, Sewell & Turner, Murray M. Silver,* for appellant.

*Richard E. Allen, District Attorney, Stephen E. Curry, Assistant District Attorney,* for appellee.

DEEN, Presiding Judge.

1. The defendant's first enumeration of error goes to the competency of his retained defense counsel. "The right to effective counsel means counsel reasonably likely to render and rendering reasonably effective assistance, not

errorless counsel and not counsel judged ineffective by hindsight. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515)." *Tamplin v. State,* 235 Ga. 20, 25 (218 SE2d 779). The record here reveals that the defendant's retained counsel is a member of the bar of Georgia and Florida, has practiced law for twenty-five years and criminal cases have comprised approximately eighty-five percent of his practice over the past ten years. See *Pitts v. Glass,* 231 Ga. 639, 640, supra. We have examined the record and conclude that the defendant's disappointment is based upon hindsight measured by the results of his trial. "The effectiveness of counsel is not judged by the outcome of the case." *Tamplin v. State,* 235 Ga. 26, supra. While another lawyer or lawyers, had they represented the defendant at trial, might have conducted his defense in a different manner, and might have exercised different judgments with respect to the matters referred to in his appeal, the fact that his attorney chose to try the defendant's case in the manner in which it was tried and made certain decisions as to the conduct of his defense, with which he and his presently employed attorney now disagree, does not require a finding that the defendant's representation was so inadequate as to amount to a denial to him of the effective assistance of counsel. *Estes v. Perkins,* 225 Ga. 268 (1) (167 SE2d 588); *Johnson v. Caldwell,* 228 Ga. 776, 778 (187 SE2d 844); *Pitts v. Glass,* 231 Ga. 638, supra.

2. The defendant urges that the testimony concerning the alleged cocaine referred to a "pink powder" but the transcript refers to a "brown powder." The indictment however refers to "cocaine" without reference to any color whatsoever. There was testimony that the powder offered into evidence was cocaine and was the same substance sold by the defendant. This evidence was sufficient to support the jury's verdict. There was no fatal variance.

3. The defendant's remaining enumerations of error have been considered and are found to be without merit.

*Judgment affirmed. Quillian and Webb, JJ., concur.*