*Martin D. Chitwood,* for appellee.

## 52428. HARRELL v. THE STATE.

QUILLIAN, Judge.

This is an appeal from a judgment of conviction of defendant for four counts of forgery and from the

judgment overruling his motion for a new trial. *Held:*

1. The general grounds are without merit. The transcript amply supports the verdict and judgment.

2. Defendant contends the trial court erred in overruling his motion for a new trial on the ground that he was denied the effective assistance of counsel. We do not agree. The Sixth Amendment to the United States Constitution specifies that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." "We interpret the right to counsel as the right to effective counsel." Brown v. Beto, 377 F2d 950, 958 (5th Cir. 1967). Our Supreme Court has held that "effective counsel" means "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515); Pitts v. Warden, 402 F2d 119 (ND Ga. 1974). Accord, Mackenna v. Ellis, 280 F2d 592, 599 (5th Cir. 1960), cert. den. 368 U. S. 877. This does not mean that a defendant who is dissatisfied with the outcome of his trial can effectively subvert the mandate of the jury by asserting that his counsel must have been ineffective because he was convicted. On the contrary, the effectiveness of counsel cannot be measured legally by the result reached in a criminal trial. Although another lawyer may have conducted the defense in a different manner, asked different questions, called different witnesses, or taken another course of action, the fact that the defendant's attorney made decisions during the trial with which the defendant and his current counsel now disagree, does not require a finding that the original representation of defendant was so inadequate as to amount to a denial of effective assistance of counsel. *Estes v. Perkins,* 225 Ga. 268 (1) (167 SE2d 588).

Defendant's assertion of examples of ineffectiveness of counsel deal with his failure to pursue hypothetical questions by establishing a basis for the questions, abandonment of certain lines of questioning of different witnesses, a failure to file a memorandum of law with the court, and to present certain real evidence to the court. On the other hand, defendant's counsel: (1) filed a motion to

set aside the bond forfeiture which was granted, (2) filed a motion to delay trial which was granted, (3) made a demand for the indictment and list of witnesses, (4) made a motion for reporting of voir dire and argument of counsel, including bench motions and conferences, (5) presented a motion for discovery, which was denied despite a supporting brief, (6) filed a plea in abatement, (7) filed a motion in limine, with supporting brief, to sever the different counts and restrict each count to that trial alone, (8) filed a motion to sever the different counts, with supporting brief, (9) filed a motion to quash and a challenge to the array, and (10) filed ten requested charges on defendant's behalf. Further, his examination of the witnesses and argument to the court and jury assured this court of his familiarity with the testimony, evidence, and law relative to the issues of this case.

We have examined defendant's contentions and conclude that although other counsel may have pursued a different tactic this does not mean that defendant did not receive a vigorous and competent defense. Decisions of counsel, properly described as trial tactics, do not equate to ineffective assistance of counsel. *Wiggins v. Hopper,* 235 Ga. 85 (218 SE2d 826). We do not find the representation of defendant to be so inadequate as to amount to a denial of effective assistance from counsel. *Bright v. State,* 137 Ga. App. 404 (224 SE2d 71); *Adams v. State,* 236 Ga. 468, 471 (224 SE2d 32).

3. We treat one assertion of ineffectiveness of counsel separately as it causes us serious concern. Defendant's counsel failed to interview the witnesses in this case prior to trial. Defendant contends that his counsel was "ill-prepared" to adequately present the defense position on the issues or effectively cross examine the prosecution's witnesses. We agree that "effective representation" involves more than courtroom conduct by the advocate. The exercise of the highest order of skill during the trial would fall short "if counsel has neglected the necessary investigation and preparation of the case or failed to interview essential witnesses or to arrange for their attendance." Moore v. United States, 432 F2d 730, 739 (3d Cir. 1970). "Counsel must conduct appropriate investigations, both factual and legal, to determine what

matters of defense can be developed. . . This means that in most cases a defense attorney . . . should interview not only his own witnesses but also those that the government intends to call, when they are accessible." United States v. DeCoster, 487 F2d 1197, 1204 ( DC Cir. 1973).

In his affidavit, counsel admitted that he did not discuss the testimony of any witness, with that witness, prior to trial. He explained that "there was a breakdown in communication" with the defendant. During the three-week period of time prior to the trial he met with the assistant district attorney in charge of the case and "was able to negotiate a settlement which in [his] judgment was fair and equitable. . . It was [his] . . . belief that the case . . . would be resolved by this same negotiated settlement. . . [W]hen [he] learned on the day of trial that it would be necessary to proceed before [a jury on a not guilty plea, he] did not have an opportunity to contact, interview, or subpoena witnesses."

We find no prejudicial error under the circumstances of this case. Defendant was represented by retained counsel and whenever "defendant selects his own counsel, that counsel truly represents defendant and no mistake or error of his, made in good faith and with earnest and honest purpose to serve his client, can be made the basis of claim of reversible error." Fitzgerald v. Estelle, 505 F2d 1334, 1335 (5th Cir. 1974). This is not to say that whenever a lawyer's ineffectiveness renders a trial fundamentally unfair, whether the lawyer was retained or appointed a deprivation of due process will not result. Id. Commission by retained counsel of acts which may retrospectively appear to be errors of judgment, if made in good faith, do not constitute a denial of effective representation. United States v. Handy, 203 F2d 407 (12) (3d Cir. 1952). Accord, Tompsett v. Ohio, 146 F2d 95 (2) (6th Cir. 1944), cert. den. 324 U. S. 869; Morton v. Welch, 162 F2d 840 (3) (4th Cir. 1947), cert. den. 332 U. S. 779; Moss v. Hunter, 167 F2d 683 (1) (10th Cir. 1948), cert. den. 334 U. S. 860. A defendant cannot retain his selected counsel, seemingly acquiesce in his counsel's tactics, and if the trial results are unfavorable, have judgment set aside on alleged incompetence of counsel. Effective assistance of counsel involves the right of counsel and his

client to plan defense strategy and tactics, in private and independent of interference by the court. Were this tenet not true, criminal convictions would always be subject to reversal on the alternative grounds—first, of undue interference and restraint by the court upon the conduct of the defense (United States v. Handy, 203 F2d 407, supra), or secondly—inadequate or ineffective representation by counsel for failure to properly prepare for trial, interview all witnesses, present all available evidence and witnesses, pursue all possible avenues of defense, or failure to assert or argue issues raised by the evidence. Atilus v. United States, 406 F2d 694 (5th Cir. 1969).

Our Supreme Court, in *Allen v. Hopper,* 234 Ga. 642 (217 SE2d 156), adopted the reasoning set forth in Fitzgerald v. Estelle, 505 F2d 1334, supra, regarding *retained* counsel's conduct of the defense by holding that " '[w]here defendant has privately retained counsel, counsel's tactics and abilities are attributed to the defendant.' He could not therefore complain of the ineffectiveness of his counsel." We find no merit to this enumeration.

4. The last enumeration of defendant avers that the court erred in "withholding from the jury certain evidence and testimony . . . that at the time of this trial Miss Peteet was involved in litigation instituted by her against the [defendant] concerning monies owed to her by the [defendant] relating to the purchase and management of certain real properties." He contends the excluded testimony was admissible "to test the credibility of this witness and to show her motive for testifying adversely to . . . [defendant] and her bias against the [defendant]." We agree that cross examination of an adverse witness "as to his interest, attitude, and feelings" is admissible. Code § 38-1712; *Lightfoot v. Applewhite,* 212 Ga. 136 (3) (91 SE2d 37). However, the witness was permitted to answer questions which conveyed this information: "Q. Didn't you really start these whole proceedings because you were upset Mr. Harrell was making a profit as well as making a management fee? A. . .I became upset . . . when I examined the books . . . and found $9,000 unaccounted for. Q. That is not really what I asked you. I'm asking you if you began this suit because you found out he was making a profit or

because it began to bother you because he was making a profit.? A. I began the suit because I found that $9,000 gone out of an account. I charged him with mismanagement. Following that I discovered these fraudulent deeds . . . the settlement statements were fraudulent. Q. . . . have you sued him for the very profits that are involved in this lawsuit here, this criminal case? . . . A. When I entered the civil suit I was not even aware of these discrepancies. . . There is nothing in that civil suit at this time that . . . has anything to do with these fraudulent real estate transactions. . . Q. Didn't you tell the district attorney. . ." An objection was voiced by opposing counsel and in a hearing out of the presence of the jury, the court asked: "What are you attempting to bring up before the jury? . . . A. . . I'm through pursuing that particular line anyway." This situation called for the exercise of the trial judge's discretion in limiting cross examination to relevant issues and repetitive questions. *Young v. State,* 232 Ga. 285, 287 (206 SE2d 439). We find no abuse of discretion of the trial court. *Moore v. State,* 221 Ga. 636, 639 (146 SE2d 895). Furthermore, defendant abandoned the line of questioning, apparently after establishing the point he was trying to make. This enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JULY 15, 1976 —DECIDED SEPTEMBER 14, 1976 —

*Fierer & Devine, Robert G. Fierer, Bruce H. Morris,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.