53759. SMITH v. THE STATE.

MCMURRAY, Judge.

Defendant was indicted for the offense of violating the Georgia Controlled Substances Act, that is, selling cocaine, a narcotic drug being a controlled substance. He was convicted and sentenced to serve a term of five years. Defendant appeals. *Held:*

1. The first enumeration of error contends the court erred in allowing the introduction of evidence of

irrelevant matter and evidence which referred to unrelated crimes not participated in by the defendant. Much of this testimony consists of questions and answers by the assistant district attorney and a police officer witness as to the use of cocaine, the duties of the metropolitan narcotics squad, and the definitions of "stash," "speed ball," etc. No objection was made at the time of its introduction; hence, any alleged error is waived. *Jackson v. State,* 234 Ga. 549, 553 (216 SE2d 834); *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221). There is no merit in this complaint.

2. After the state rested its case, the defendant expressed dissatisfaction with the method and manner in which counsel for defendant was handling his defense, and made a request to the court that he be allowed to retain other counsel. Whereupon, the court instructed him, ". . . you do not have to keep this attorney, but you have had approximately eight months, and almost nine months, in which to settle on whatever lawyer you wanted to try your case. You have had ample opportunity . . . If you are unhappy with [the present lawyer] you have a right to discharge him, but I want to advise you we intend to proceed on with the trial of the case and I would expect you to conduct the trial yourself until you have some lawyer here ready to proceed to trial." Whereupon the defendant indicated he didn't have "nothing else to say" and continued with the same counsel. The record does not disclose that defendant was denied the effective assistance of counsel or a fair trial, nor did the court err in requiring the defendant to proceed with the trial with defense counsel conducting the trial at that time. See in this connection *Estes v. Perkins,* 225 Ga. 268, 269 (1) (167 SE2d 588); *Wiggins v. Hopper,* 235 Ga. 85 (2) (218 SE2d 826); *Bright v. State,* 137 Ga. App. 404 (1), 405 (224 SE2d 71); *Harrell v. State,* 139 Ga. App. 556, 557 (2), 558 (228 SE2d 723). The court merely instructed him that it was not going to delay the trial further while he sought to obtain additional counsel.

3. None of the defendant's enumerations of error is meritorious.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED APRIL 5, 1977 — DECIDED MAY 6, 1977 —
REHEARING DENIED MAY 26, 1977 —

*Thomas M. West,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.