## 55345. CLARK v. THE STATE.

DEEN, Presiding Judge.

1. The general grounds of the motion for new trial are without merit. There is ample evidence that the defendant forced the victim to come with him against her will, that he drove her to one house where he burned her with an iron, as shown by pictures taken shortly after her release, that he took her to another location and shaved her head with a razor, that he also cut and beat her and forced her to have sexual intercourse with him, and that after three days a woman in the apartment helped her to escape. The verdict of guilty of kidnapping with bodily harm was authorized. *Powell v. State,* 235 Ga. 208 (1) (219 SE2d 109) (1975).

2. The other enumerations are directed to the defendant's complaints that he wished to conduct his own defense, or to fire the lawyer appointed by the court and find another attorney. We have examined the record thoroughly and find that the defendant, if he wished, had plenty of time to arrange for his own counsel between July when he was arrested and December when the trial commenced. His statements indicate complete ignorance of the legal issues involved. He first appeared to think the trial could not proceed until he was represented, but later indicated a belief that if he were not tried at once the state would have to discharge him. It goes without saying that neither of these ploys is effective. While it may be error to deny one the right to defend his own cause (Faretta v.

120

California, 422 U. S. 806 (1975)) where the right was timely urged prior to trial (United States v. Bennett, 539 F2d 45, 50 (1976)), the defendant cannot frivolously change his mind in midstream. *Smith v. State,* 142 Ga. App. 406 (2) (236 SE2d 107) (1977). Here the defendant made no mention of wanting to defend his own case until after the trial had begun and the prosecutrix had testified. The record shows the utter inability of the defendant to understand even the basic essentials of conducting his own defense, and affirmatively establishes that his appointed counsel supplied his best efforts in the cause. The court's refusal to dispense with him in the middle of the trial, either for the purpose of appointing other counsel or of having the defendant proceed without counsel, was without error.

3. We have examined the evidence complained of on appeal (to which no objection was urged during the trial of the case) for the purpose of determining whether it indicates ineffective assistance of counsel. We find no reversible error.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED FEBRUARY 2, 1978 — DECIDED FEBRUARY 16, 1978 — REHEARING DENIED MARCH 2, 1978 — CERT. APPLIED FOR.

*Thomas E. Spraley,* for appellant.
Baker E. Clark, *pro se.*
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.