## 66236. MYRICK v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of possession of marijuana with intent to distribute, in violation of the Georgia Controlled Substances Act. On appeal he contends the trial court erred by requiring him to proceed to trial in the absence of his attorney, and by denying his motion to suppress evidence obtained as a result of a search without a warrant.

1. At appellant's arraignment Lloyd Murray signed the indictment as counsel of record. When appellant's case was called for trial on December 14, 1981 appellant moved for a continuance on the ground that Jack Friday was his lead counsel and was absent under subpoena as counsel in a case being tried in South Carolina. The motion was denied and a jury was struck with Murray present as appellant's counsel. The case was then scheduled for trial on December 16, 1981; when it was called for trial appellant renewed his motion for a continuance on the same ground stated previously, i.e., that Friday was absent trying another case. Murray was present and represented appellant during trial. Appellant contends that denial of the latter motion for a continuance was error because he was denied his right to counsel in violation of the Sixth Amendment to the Constitution of the United States (p. 314, Vol. 1, OCGA (Code Ann. § 1-806)). This contention was decided adversely to appellant in *Blair v. State,* 166 Ga. App. 434 (304 SE2d 535) (1983), which involved the same attorneys in the same court on the same dates.

2. Appellant also contends it was error to deny his motion to suppress evidence obtained in a warrantless search of his home and the surrounding premises, because GBI agents had sufficient time to

obtain a warrant and there were no exigent circumstances requiring a search without a warrant.

Although the record contains a written motion to suppress evidence filed before trial, there is nothing in the record or transcript showing what action, if any, was taken on the motion or what evidence was presented at any hearing on the motion. If the motion was denied, "[w]e must assume, absent the availability to us of whatever material the trial court considered while hearing the [evidence on the motion], that the court properly exercised its judgment and discretion in [denying] the motion to [suppress]." *State v. Frazier,* 141 Ga. App. 501, 502 (233 SE2d 868) (1977); *Fredd v. Randolph,* 144 Ga. App. 756, 757 (1) (242 SE2d 301) (1978).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1983 —
REHEARING DENIED SEPTEMBER 29, 1983.

*Jack P. Friday, Jr.,* for appellant.
*Dupont K. Cheney, District Attorney, Harrison W. Kohler, Assistant District Attorney,* for appellee.