## 70913. SPENCER v. THE STATE.
### (335 SE2d 661)

McMURRAY, Presiding Judge.

The defendant was indicted for armed robbery, two counts of aggravated assault, burglary and possession of a firearm by a convicted felon.

At trial, after a jury was selected and prior to the presentation of evidence, the defendant disrupted the proceedings by profanely demanding the discharge of his court appointed attorney and demanding to represent himself. The court granted the defendant's request for self-representation and instructed the public defender to remain in the courtroom in the event that the defendant changes his mind and requests an attorney.

The defendant insisted on being allowed to select another jury. The court denied this request, whereupon the defendant burst forth with vile language and disruptive behavior. The defendant informed the court that if he could not select another jury he would not participate in the trial. The court was patient with the defendant's behavior, and attempted to explain the serious consequences of this decision, reminding the defendant that he could not represent himself while absent from trial. However, the defendant persisted with his vulgar and abusive language, demanded not to be present at trial and asked to be returned to his jail cell. The court then ruled that the defendant had waived his right to defend himself and re-appointed the public defender to represent him. The court instructed the defendant several times that if he changed his mind and wanted to come back into the courtroom he could return and participate in the trial at any time.

The public defender represented the defendant fully during the course of the trial, cross-examining the State's witnesses, making objections and presenting a closing argument to the jury. The jury found the defendant guilty on all counts and he now appeals by counsel different from trial counsel. *Held*:

In his only enumeration of error the defendant argues that he was denied his right to represent himself at trial. This contention is without merit. When given the opportunity, the defendant refused to represent himself in any manner. The trial court had no choice but to appoint competent counsel to act on behalf of the defendant. Therefore, in light of the defendant's acts and declarations at trial, we find the trial court did not abuse its discretion in requiring the trial to proceed with appointed counsel. See *Williams v. State*, 169 Ga. App. 812 (315 SE2d 42). See also *Clark v. State*, 145 Ga. App. 119 (2) (243 SE2d 97); and *Graham v. State*, 172 Ga. App. 660 (324 SE2d 518).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED SEPTEMBER 13, 1985 —
REHEARING DENIED OCTOBER 2, 1985.

*Edward R. Zacker*, for appellant.
*Glenn Thomas, Jr., District Attorney, E. Jerrell Ramsey, Assistant District Attorney*, for appellee.