## 74606. FUDGE v. THE STATE.
(362 SE2d 147)

SOGNIER, Judge.

Appellant was convicted of driving under the influence of alcohol, driving while his blood contained .12 percent or more by weight of alcohol and making an improper lane change. He appeals from those convictions.

1. In his first four enumerations of error appellant contends the trial court erred by denying his motion to suppress evidence of the results of an alcohol breath test. He argues that because he was not taken immediately to jail, and was not advised by the arresting officer of his right to an additional test by a person or agency of his own choosing, the results of his breath test should have been suppressed.

The trial court, in its order denying the motion, found that the length of time appellant was detained in the police car (before being transported to jail) affects the weight, not the admissibility, of the breath test results. The court also found that appellant made a request for an additional test, but later withdrew that request. Although there is no transcript of the hearing on the motion to suppress, testimony of witnesses during trial on the merits supports the trial court's findings. A trial court's decision on questions of fact and credibility of witnesses at a suppression hearing must be accepted unless clearly erroneous. *Wilson v. State,* 179 Ga. App. 780, 782 (1) (347 SE2d 709) (1986). We find nothing erroneous in the trial court's decision. Further, we must assume, absent the availability to us of whatever material the court considered while hearing evidence on the motion, that the court properly exercised its judgment and discretion in denying appellant's motion to suppress. *Myrick v. State,* 168 Ga. App. 223, 224 (2) (308 SE2d 563) (1983).

2. In his next four enumerations appellant asserts error by the trial court in allowing the State to present evidence placing his character in issue prior to appellant doing so, and by denying his motions for mistrial based on such evidence. These enumerations of error are without merit.

The arresting officer was allowed to testify that he first observed

appellant's vehicle start out from a stop light, pass another vehicle and swerve back in front of another vehicle, causing the latter vehicle to put on its brakes and swerve to avoid hitting appellant's vehicle. The officer also testified that he moved his vehicle through traffic to approach appellant's vehicle and got up to excessively high speeds, as fast as 70 miles per hour. Appellant moved for a mistrial (on three occasions) on the ground that appellant was not charged with speeding, and such testimony improperly placed his character in issue. Each motion was denied and appellant alleges that denial of his motions was error.

There is no error in admitting evidence as part of the res gestae even though it may incidentally place a defendant's character in issue. *Wolke v. State*, 181 Ga. App. 635, 636 (2) (353 SE2d 827) (1987). This rule has been applied specifically to evidence showing the circumstances relating to a defendant's arrest. *Sims v. State*, 180 Ga. App. 537, 538 (2) (349 SE2d 783) (1986). Hence, there was no error in allowing the officer's testimony and denying appellant's motions for a mistrial.

3. Appellant contends the trial court erred by sustaining an objection by the State during cross-examination of a State witness because the State failed to assert good and sufficient grounds for its objection. Appellant made no objection to the court's ruling on the ground stated in this enumeration, and this court will not consider questions raised for the first time on appeal. *Tolbert v. State*, 180 Ga. App. 703, 704 (3) (350 SE2d 51) (1986).

4. In his next two enumerations appellant alleges that the trial court commented improperly on the evidence. The first instance of which appellant complains occurred when he was being questioned on cross-examination. Appellant objected to a question on the ground that he had answered the same question twice before and the prosecuting attorney did not have a right to argue with the witness by asking the same question a third time. The prosecuting attorney stated that she had a right to point out conflicts in appellant's testimony, and the court said "[w]ell, you do." Appellant argues that this was an improper comment on the evidence, because it expressed the court's opinion that there was, in fact, a conflict in appellant's testimony. However, appellant made no objection to the court's comment and as stated in Division 3, this court will not consider questions raised for the first time on appeal. *Tolbert*, supra. The same rule is applicable to the court's comment during appellant's closing argument in response to an objection by the State, when the court stated: "Don't comment on that. The Court knows of no evidence on that. That would be improper argument to go to the jury." Appellant continued his argument and made no objection to the court's statement. Hence, we will not consider this issue, which is raised here for the first time.

5. Lastly, appellant complains of two charges by the court which he argues were incorrect. The first charge complained of was a charge that the arresting officer shall designate which test shall be administered (breath, blood or urine test), and after having taken the test required by the officer the defendant then has the right to take an additional test of his own choosing of the same bodily fluid. Appellant objected to this charge on the ground that the court failed to charge that it was the duty of the arresting officer designating the test to be administered to also advise the defendant that he had a right to an additional test to rebut the State's test, and if that was not done it was the duty of the jury to disregard the results of all tests.

Appellant made no written request for such a charge. Where error is assigned upon a correct principle of law given in charge, as was done here, and the exception to it is that it does not go further and elaborate in more detail additional principles applicable to the evidence, such is not reversible error in the absence of a written request to charge more specifically. *Watson v. State*, 181 Ga. App. 512, 513 (2) (352 SE2d 828) (1987).

Appellant also excepted to the court's charge that if the jury found that appellant had .12 percent or more alcohol in his blood that the jury could find him guilty of the offense of operating a moving vehicle while his blood contained .12 percent or more by weight of alcohol. Appellant argues that this charge was not adjusted to the evidence because he took a *breath* test, and there was no evidence as to his *blood* alcohol content. This argument is without merit.

OCGA § 40-6-392 (a) provides, in pertinent part: "Upon the trial of any . . . criminal action . . . arising out of acts alleged to have been committed by any person in violation of Code Section 40-6-391, evidence of the amount of alcohol . . . in a person's *blood* at the alleged time, *as determined by a chemical analysis of the person's . . . breath . . .* shall be admissible. . . ." (Emphasis supplied.) This statute makes it clear that a breath test is used to determine the amount of alcohol in a person's blood. We also pointed out in *Fisher v. State*, 177 Ga. App. 465, 466 (2) (339 SE2d 744) (1986), that an intoximeter which determines the amount of alcohol in one's breath, and calculates therefrom the *blood* alcohol content, performs a chemical analysis. While not stating specifically that a breath test determines the amount of alcohol in a person's blood, no other conclusion can be drawn from the holding in *Fisher*. Hence, the trial court's charge was not erroneous.

6. We note that appellant was convicted of driving under the influence of alcohol to a degree rendering him incapable of driving safely, and a separate charge of driving while there was .12 percent or more by weight of alcohol in his blood, both offenses arising out of the same conduct. Although the court sentenced appellant for only one

driving under the influence offense, this court has held that such evidence will not support convictions of two separate offenses. *Sanders v. State*, 176 Ga. App. 869, 870 (4) (338 SE2d 5) (1985); *Hadden v. State*, 180 Ga. App. 496, 498 (3) (349 SE2d 770) (1986). Accordingly, appellant's conviction of driving with .12 percent or more by weight of alcohol in his blood is vacated.

*Judgment affirmed as to Count 1 and making an improper lane change. Judgment vacated as to Count 2. McMurray, P. J., and Beasley, J., concur in the judgment only.*

DECIDED OCTOBER 20, 1987.

*John L. Watson, Jr.*, for appellant.
*John C. Carbo III, Solicitor, Anne M. Landrum, Assistant District Attorney*, for appellee.