## 75971. HERNDON v. THE STATE.
(370 SE2d 164)

SOGNIER, Judge.

Appellant was convicted of driving with .12 percent or more by weight of alcohol in his blood. In his sole enumeration of error appellant contends the trial court erred by denying his request to charge the definitions of direct and circumstantial evidence.

There was no record of trial made in this case, but it was stipulated that appellant was driving an automobile on a public highway at 1:52 a.m., April 30, 1987, and a test administered by police on an Intoximeter 3000 at 2:24 a.m. the same date registered an alcohol content of .15 percent. It was also stipulated that the officer administering the test testified that the Intoximeter measured alcohol in the defendant's breath and did not directly measure alcohol in the defendant's blood. It was further stipulated that the same officer testified that the test indicated the percent of alcohol in the breath at the time of the test, and not at the time the defendant was driving, and depending upon when the alcohol was consumed, the alcoholic content of a person's blood could be increasing or decreasing.

Appellant argues that the evidence relating to the percent of alcohol in his blood at the time he was driving is circumstantial for two reasons. First, the Intoximeter measures the percentage of alcohol in a person's *breath*, rather than the percentage of alcohol in the blood, as specified in OCGA § 40-6-391 (a) (4). Second, the test measures the percent of alcohol at a time *subsequent* to the violation. Appellant's first argument has been decided adversely to him in *Fudge v. State*, 184 Ga. App. 590, 592 (5) (362 SE2d 147) (1987), wherein we held that OCGA § 40-6-392 (a) makes it clear that a breath test is used to determine the amount of alcohol in a person's blood.

In regard to appellant's second argument, there was direct evidence that appellant was driving an automobile on a public highway at 1:52 a.m., and direct evidence that thirty-two minutes later the Intoximeter test registered a blood alcohol content of .15. Thus, whether or not the evidence that appellant was *driving* with .15 percent alcohol in his blood was circumstantial is immaterial, because where there is some direct evidence involved in the case, it is not error to fail to charge on circumstantial evidence. *Walker v. State*, 162 Ga. App. 173, 174 (2) (290 SE2d 502) (1982). Hence, appellant's enumeration of error is without merit.

*Judgment affirmed. Carley, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

While concurring with the judgment of affirmance, I cannot agree with the majority opinion's matter-of-fact declaration that in *Fudge v. State*, 184 Ga. App. 590 (362 SE2d 147) (1987), "we held that OCGA § 40-6-392 (a) makes it clear that a breath test is used to determine the amount of alcohol in a person's blood." *Fudge* simply did not determine that issue, because it was a one-judge decision, two judges having concurred in the judgment only, and thus was without any binding precedential value. Nevertheless, I do agree with that construction of OCGA § 40-6-392 (a), and believe that we should specifically endorse it so as to determine this issue in a binding manner.

DECIDED APRIL 25, 1988 —
REHEARING DENIED MAY 10, 1988.

*James A. Chamberlin, Jr.*, for appellant.
*Lloyd E. Thompson, Jr., Solicitor*, for appellee.