A89A2337. MATTHEWS v. THE STATE.
(390 SE2d 873)

SOGNIER, Judge.

Stanford Matthews was convicted of trafficking in cocaine and possession of a firearm in the commission of a felony, and he appeals.

1. Appellant first contends the trial court erred by allowing testimony by the State's witnesses and argument by the prosecutor concerning appellant's activities as a drug "supplier."

(a) Appellant was charged with selling 82.6 grams of cocaine to a Gwinnett County undercover officer. Mickey Barker and Teri Hayes, appellant's alleged accomplices who previously had pleaded guilty to drug charges, testified that on numerous occasions they had bought cocaine from appellant and had acted as runners for him. Referring to his decision in a prior hearing on this issue, the trial judge overruled

appellant's objections to this testimony, and each time explained to the jury that appellant was not charged with these other offenses and that the evidence was admitted only for the purpose of showing bent of mind, intent, or course of conduct.

Although evidence of other crimes committed by a criminal defendant generally is not admissible, an exception to that rule may be made provided the evidence establishes " 'the defendant was in fact the perpetrator of the independent crime [and there is] sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.]' " *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321) (1980). Once this showing is made, evidence of other similar crimes may be admitted to show " 'identity, motive, plan, scheme, bent of mind, and course of conduct. (Cits.)' [Cit.]" Id.

Here, the evidence adduced by the State clearly established that appellant was the person who had supplied and sold cocaine to the witnesses. We find the challenged evidence was admissible to show identity, bent of mind, and course of conduct, and accordingly find no error in the trial court's decision. See id. at 655-656 (1).

(b) In her opening and closing arguments, the prosecutor described appellant as a "drug dealer" and "drug supplier" and referred to "prior offenses" (drug sales) in which appellant had been involved. As we have found the evidence described by the prosecutor was admissible, we find no error in permitting this argument by the State.

2. Appellant also objects to the admission of two hearsay statements made by Diane Yociss, the undercover officer, as prejudicial to him.

(a) His first objection is to Yociss's statement that when she arrived at the house at which she was supposed to purchase cocaine, the men she met at the scene "told [her] that the man had just left, and in drug jargon, the man is the supplier." Under OCGA § 24-3-2, conversations had in the course of a legal investigation may be admitted as original evidence to explain the conduct of a law enforcement official provided the conduct involves a matter relevant to the issue on trial. *Ivester v. State*, 252 Ga. 333, 335 (313 SE2d 674) (1984). Yociss's statement did explain why she left the house and returned the next day, which was relevant to the case because upon her return she made an appointment to buy cocaine from appellant. Accordingly, the trial court properly admitted the testimony. See id. Further, as nothing was said to indicate that appellant was "the man," we find no prejudice to appellant. Compare id. at 335-336.

(b) Yociss testified that after she made her first drug purchase from appellant's alleged accomplice, "Claude [the accomplice] followed me out, he was looking around the parking lot, trying to see if he could see anyone suspicious, at that time. He told me —" Appel-

lant's trial counsel then interposed a hearsay objection, which the trial court overruled, and Yociss continued her narrative by describing the arrangements made for a subsequent drug transaction, but did not repeat what Claude had said.

Appellant's argument concerning this testimony is similarly without merit. We need not decide whether the trial court's ruling on his hearsay objection was correct because the objection was made before Yociss related Claude's statement to her, and in her testimony following the objection she did not testify as to what Claude told her. Even assuming, without deciding, that appellant is correct in arguing that the hearsay objection was interposed to Yociss's statement that the accomplice was looking out for suspicious persons, we find no error, as that testimony was not hearsay because it was based on *her* impression of Claude's actions, not any statement of his. See OCGA § 24-3-1 (a); see also *Bennett v. State*, 49 Ga. App. 804-805 (1) (176 SE 148) (1934).

3. On cross-examination, appellant's final enumeration of error concerns the trial court's refusal to allow appellant to ask Mickey Barker, who had entered a guilty plea and was cooperating with the prosecution prior to his sentencing, if he had been told what period of time Georgia law prescribed as the mandatory minimum sentence for his crime. Appellant contends that this ruling and the overruling of his subsequent motion for mistrial made on this issue deprived him of his right under the Sixth Amendment and OCGA § 24-9-64 to a thorough and sifting cross-examination. We do not agree. While cross-examination concerning the interest, attitude, and feelings of a witness is permissible, *Harrell v. State*, 139 Ga. App. 556, 560 (4) (228 SE2d 723) (1976), here the trial court explained to the jury that Barker had entered a guilty plea and that his mandatory minimum sentence could be reduced by the court only upon the State's recommendation. The court also permitted appellant's counsel to question Barker at length regarding his involvement in narcotics sales and the circumstances of his plea agreement. See id. at 560-561. Thus, the trial court did allow appellant to establish the basis for possible bias or interest of the witness. "This situation called for the exercise of the trial judge's discretion in limiting cross examination to relevant issues and [precluding] repetitive questions. [Cit.] We find no abuse of discretion of the trial court, [cit.]" id. at 561, and likewise find no abuse of discretion in the denial of appellant's motion for mistrial.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 2, 1990.

*Loftiss, Van Heiningen & Ward, Walter Van Heiningen*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.