A91A2033. AARON v. THE STATE.
(418 SE2d 66)

COOPER, Judge.

Appellant was indicted for possession of cocaine with intent to distribute and convicted by a jury of the lesser offense of possession of cocaine. On appeal, appellant enumerates as error the trial court's admission of hearsay and the court's denial of his motion to suppress.

The evidence adduced at trial reveals that a concerned citizen approached two police officers who were investigating an abandoned vehicle and told the officers that there was a man selling drugs at an intersection approximately one block away. The concerned citizen gave the officers a description of the man selling drugs, including a description of the clothes the man was wearing. The officers went in

separate cars to the intersection identified by the concerned citizen, and upon arriving at the intersection, one of the officers observed a man who matched the physical description of the man described by the concerned citizen standing at the spot the concerned citizen described. That man was subsequently identified as appellant. The officer also observed a man leaving the intersection and a man approaching the intersection who was known by the officer to have been the subject of previous drug arrests. When appellant was unable to produce any identification, one of the officers conducted a "pat down" search during which the officer discovered a bulge around appellant's belt line. Since appellant was not wearing a belt, the officer asked appellant several times to let him see what was inside his pants. Appellant initially refused but eventually complied by unfastening his pants at which time a bag of suspected crack cocaine fell down appellant's pant leg and onto his shoe. As the officer went to pick up the bag of suspected cocaine, an altercation ensued between appellant and the officer. The officer was able to subdue appellant, and the bag of suspected cocaine was retrieved and positively identified at trial as being crack cocaine.

1. Appellant first contends that the trial court erred in admitting the hearsay statement made by the concerned citizen to the officers. "While this statement certainly constituted hearsay and would not have been admissible as evidence that the appellant was in fact dealing in drugs, it was nevertheless relevant and admissible to establish the events leading to the discovery of the cocaine and to the appellant's subsequent arrest. 'Testimony of the arresting officer with reference to the legal investigation and circumstances surrounding the arrest is authorized as original evidence under OCGA § 24-3-2. . . .' [Cit.]" *Ward v. State*, 193 Ga. App. 137 (2) (387 SE2d 150) (1989). The only purpose of the statement was to explain the conduct of the officer in proceeding to the intersection and approaching appellant. We find no error in the admission of the statements of the concerned citizen.

2. Appellant also contends that his motion to suppress should have been granted because the officer exceeded the scope of a "pat down" search. A hearing was held on appellant's motion to suppress, and a written order was entered by the judge denying appellant's motion. At trial, prior to the first witness being called, appellant made a standing objection to the admission of the contraband for the reasons previously entertained by the court in ruling on appellant's motion to suppress. We do not have a transcript of the hearing on appellant's motion to suppress, and " '(w)e must assume, absent the availability to us of whatever material the trial court considered while hearing the (evidence on the motion), that the court properly exercised its judgment and discretion in (denying) the motion to (suppress).' [Cits.]"

*Myrick v. State*, 168 Ga. App. 223 (2) (308 SE2d 563) (1983). See also *Fudge v. State*, 184 Ga. App. 590 (1) (362 SE2d 147) (1987).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JANUARY 15, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992 —

*Peter D. Johnson*, for appellant.

*Michael C. Eubanks*, District Attorney, *Richard E. Thomas, J. Wade Padgett*, Assistant District Attorneys, for appellee.