A92A0519. WRIGHT v. THE STATE.
(421 SE2d 331)

COOPER, Judge.

In a six-count indictment appellant was charged with two counts of first degree homicide by vehicle, driving under the influence of alcohol, reckless driving, racing on a public street and running a red light. The first count of homicide by vehicle charged that appellant caused the death of another person by driving recklessly. The second

count charged him with causing the death of another person by driving his vehicle while under the influence of alcohol. The jury convicted appellant on the first count of first degree homicide by vehicle, reckless driving and running a red light. He appeals from the judgment and sentence entered on the conviction and from the denial of his motion for new trial.

The evidence adduced at trial reflects that appellant and his friend, Wesley Parker, were taking turns driving Parker's car around Brunswick, Georgia. Sometime after lunch, appellant and Parker stopped at a liquor store where they purchased a bottle of vodka. Appellant was driving the car when he and Parker left the liquor store, and both appellant and Parker had a drink of vodka and orange juice which Parker prepared. Approximately one hour later, a white car driven by Eric Spar pulled up beside the car driven by appellant. Spar and appellant revved their engines, accelerated and then drove off down the road. Appellant drove through a red light at an intersection and collided with another car, killing the driver of that car.

1. Appellant first contends that a new trial should have been granted because the State violated the mandates of *Brady*, by not disclosing that immunity had been granted to Spar. Because Spar was also charged with reckless driving and homicide by vehicle, as a result of the incident with appellant, the State petitioned the court prior to trial to grant Spar use and derivative use immunity with respect to any testimony he might give at trial. At the time of trial, the State had not received the order granting the immunity but assumed that the immunity had been granted. Use and derivative use immunity "protects the witness from the use of either the incriminating testimony or the fruits of such testimony." *State v. Hanson*, 249 Ga. 739, 741 (295 SE2d 297) (1982). Spar was not granted immunity from prosecution in exchange for his testimony, thus there was no "deal" between the State and Spar which should have been disclosed pursuant to *Brady*. Furthermore, the State did not call Spar as a witness at trial. Accordingly, we find no merit to this enumeration. See *Griggs v. State*, 181 Ga. App. 618 (6) (353 SE2d 97) (1987).

2. Appellant also alleges that the trial court erred in allowing lay witnesses to testify as to the speed of appellant's vehicle. A witness to the collision testified that immediately after she heard the roar of car engines, she saw appellant's car and another car accelerate at a high rate of speed. She also testified that the car driven by appellant passed her at such a high rate of speed that it "rocked" her car. Parker testified that based on his familiarity with his car and his observations as a passenger in the car, including the sound of the engine, appellant was driving the car in excess of the speed limit at the time of the collision. "Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear

to his opinion and belief, giving his reasons therefore." OCGA § 24-9-65. "A layman's opinion of speed is admissible when he has testified to the facts upon which the opinion is based. [Cit.]" *Ewing v. Johnston*, 175 Ga. App. 760 (3) (334 SE2d 703) (1985). We find no error in the trial court's admission of the testimony.

3. Appellant argues that the trial court erred in its recharge to the jury. The record reflects that the jury asked the court to define the difference between first and second degree homicide by vehicle as to Count 2 of the indictment. The trial judge first explained to the jury that appellant was charged under Count 2 with homicide by vehicle in the first degree by unlawfully causing the death of another person by driving a motor vehicle while under the influence of alcohol. The trial judge then instructed the jury in accordance with OCGA §§ 40-6-393 (a) and (b); 40-6-391; and 40-6-392 (b) (2), and we find that the charge was an accurate statement of the law. Accordingly, we find no merit to appellant's argument.

4. In two enumerations of error, appellant contends that the trial court erred in denying his motion for directed verdict of acquittal and that the evidence was insufficient to support the conviction. Appellant's argument is based on his assertion that the State failed to prove the speed of appellant's car at the time of the collision. "A defendant is entitled to a directed verdict '(w)here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. . . .' OCGA § 17-9-1 (a)." *Scavonne v. State*, 193 Ga. App. 603 (1) (388 SE2d 735) (1989). As noted in Division 2, the witnesses were properly allowed to give their opinion as to the speed of appellant's car. Our review of the trial transcript reveals ample evidence from which the jury could have found that appellant was guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JULY 6, 1992 —
RECONSIDERATION DENIED JULY 23, 1992 —

*James A. Yancey, Jr.*, for appellant.
*W. Glenn Thomas, Jr.*, District Attorney, *Charles K. Higgins, Assistant District Attorney*, for appellee.