## A92A2185. WILLIAMS v. THE STATE.
### (428 SE2d 648)

BLACKBURN, Judge.

Cedric Williams was tried before a jury and convicted of aggravated assault and aggravated assault with intent to rob. He appeals from the denial of his motion for new trial.

In his sole enumeration of error, appellant contends the trial court erred by refusing to permit appellant to represent himself at trial. The trial transcript reveals that after the court had heard arguments on pre-trial motions, a jury had been selected and sworn, and the prosecutor had completed direct examination of the State's first witness, appellant's counsel informed the court that appellant had expressed a desire to proceed pro se. The court excused the jury and conducted a detailed inquiry into the request. Appellant's counsel explained that appellant had initially stated this wish several weeks earlier, but counsel had discouraged the idea and appellant had acquiesced. Appellant stated he wished to serve as his own counsel because he did not like the insanity defense counsel was asserting. The prosecutor objected to the timing of the request, arguing that his voir dire questions would have been different had he known appellant was proceeding pro se. The trial court denied appellant's request on the basis that he had not timely asserted his right to represent himself.

"Both the federal and state constitutions guarantee a criminal defendant the right to self-representation. [Cits.] An unequivocal assertion of the right to represent oneself, *made prior to trial*, should be followed by a hearing to ensure that the defendant knowingly and

intelligently waives the right to counsel and understands the disadvantages of self-representation. [Cits.]" (Emphasis supplied.) *Thaxton v. State*, 260 Ga. 141, 142 (2) (390 SE2d 841) (1990). In the case at bar, as in *Thaxton*, the trial court was authorized to conclude that appellant had not unequivocally asserted his right to represent himself prior to the commencement of the trial. See id. and nn. 3, 4; see also *Clark v. State*, 145 Ga. App. 119, 120 (243 SE2d 97) (1978) (not error to deny defendant's request to represent himself made after trial testimony began; "defendant cannot frivolously change his mind in midstream. [Cit.]") Moreover, appellant's conversation with the trial judge showed his complete lack of knowledge of the law and the basic essentials of conducting his own defense and demonstrated his lack of understanding of the nature of the defense being offered. See *Clark*, supra. Under such circumstances, the trial court was authorized to conclude that, even if the request had been timely, appellant was not waiving his right to counsel knowingly and voluntarily. Consequently, we find no error.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 3, 1993.

George M. Johnson, for appellant.

*Lewis R. Slaton, District Attorney, Penny A. Penn, Vivian D. Hoard, William C. Akins, Assistant District Attorneys, for appellee.*