## A93A2003. THOMPSON v. THE STATE.
### (436 SE2d 799)

BLACKBURN, Judge.

In a one-count indictment, the appellant, Gerald Edward Thompson, and a co-defendant, Charles Milton Poag, were indicted for the armed robbery of a convenience store. Following a trial by jury, Thompson was convicted of the offense and sentenced to 18 years in prison.[1] This appeal followed.

At trial, the evidence produced by the state showed that on the afternoon of August 29, 1992, Poag and Thompson arrived at the convenience store in a blue Ford Fairmont. Poag initially entered the store, purchased a soft drink, and returned to the automobile. Thompson never entered the store. However, while Poag was inside the store, he stood at an inoperable pay phone located in front of the

---

[1] On April 5, 1993, prior to Thompson's trial by jury, Poag pled guilty to the offense.

store, with his head down, and later joined Poag at the automobile.

Poag subsequently reentered the store, and while wielding a knife, struck the cashier on the side of her body, and demanded that she surrender the contents of the store's register. He further instructed her to remove the cord from the store's telephone. The cashier gave Poag approximately $1,600 in cash, food stamps, and the telephone cord. The two men subsequently fled the store's parking lot in the Ford Fairmont at a high rate of speed. The state and counsel for the defense stipulated that Poag and Thompson were apprehended in Kansas on September 21, 1992, in the automobile in question and in possession of a knife. The cashier identified the knife as the weapon used in the robbery.

Poag was the only witness presented by the defense. He testified that he robbed the convenience store alone as a "spur of the moment" act and that Thompson was unaware of his intention to commit the offense. He admitted that he was the owner of the automobile in question and had driven the automobile to the store on August 29, 1992. He further admitted that he and Thompson spent the robbery proceeds in Georgia and during their road trip to California.

1. In enumerations 1 and 3, Thompson asserts the general grounds. He initially contends that the trial court erred in denying his motion for a directed verdict of acquittal, and further asserts that the evidence was insufficient to support the jury's verdict. We disagree.

A directed verdict of acquittal is proper only "where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. OCGA § 17-9-1 (a)." (Citation and punctuation omitted.) *Wright v. State*, 205 Ga. App. 149, 151 (4) (421 SE2d 331) (1992). "On appeal we must view the evidence in the light most favorable to the verdict, [Thompson] no longer enjoys the presumption of innocence, and we do not weigh the evidence nor judge the credibility of the witnesses. [Cit.] Further, we do not speculate which evidence the jury chose to believe or disbelieve. [Cit.]" *Harmon v. State*, 208 Ga. App. 271, 272 (1) (430 SE2d 399) (1993).

In the case sub judice, the evidence of Thompson's participation in the robbery venture is in conflict. While Thompson's mere presence at the scene is not sufficient to convict him of being a party to a crime, the jury was authorized to infer his criminal intent from his conduct before, during, and after the commission of the crime. *Sands v. State*, 262 Ga. 367 (2) (418 SE2d 55) (1992); *Williams v. State*, 262 Ga. 677 (1) (424 SE2d 624) (1993); *Grace v. State*, 262 Ga. 746 (4) (425 SE2d 865) (1993). The jury could infer that Thompson's actions during the robbery were consistent with that of an individual maintaining a lookout. Moreover, Thompson's action of accompanying Poag both before and after the robbery in the cross-country excursion

and spending spree was consistent with his participation in the criminal enterprise.

Having reviewed this evidence under the appropriate standards of appellate review, we conclude that a rational trier of fact could find beyond a reasonable doubt that Thompson was guilty of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jones v. State*, 209 Ga. App. 138 (433 SE2d 106) (1993). Consequently, enumerations 1 and 3 are without merit.

2. During the state's case-in-chief, Investigator Jackie Edmondson, of the Brooks County Sheriff's Department, testified that in the course of his investigation of the robbery, he located Bobby Clark, an acquaintance of Poag and Thompson. The state was unsuccessful in attempting to locate Clark prior to trial. Over Thompson's objection, the trial court allowed Edmondson to relate a conversation that he had with Clark after the robbery which led to the issuance of arrest warrants for the two men. According to the investigator, Poag told Clark on the day of the robbery that he had to go to the bank to obtain some money. Approximately forty-five minutes later, the two men returned to Clark's home with pockets full of money.

In his second enumeration, Thompson maintains that the trial court erred in admitting this out-of-court hearsay testimony. We disagree.

"Under OCGA § 24-3-2, conversations had in the course of a legal investigation may be admitted as original evidence to explain the conduct of a law enforcement official provided the conduct involves a matter relevant to the issue on trial. [Cit.]" *Matthews v. State*, 194 Ga. App. 386, 387 (2) (390 SE2d 873) (1990). See also *Dawson v. State*, 205 Ga. App. 394 (2) (422 SE2d 280) (1992). Our Supreme Court has held that the facts and circumstances surrounding a defendant's arrest are relevant and admissible during the trial of a criminal case. *Clements v. State*, 226 Ga. 66 (1) (172 SE2d 600) (1970); *Ivester v. State*, 252 Ga. 333 (2) (313 SE2d 674) (1984). While the statement of the out-of-court declarant would not have been admissible as evidence of Thompson's guilt of the offense charged, it was nevertheless relevant and admissible to establish the events leading to the arrest of the two men. *Aaron v. State*, 203 Ga. App. 658, 659 (1) (418 SE2d 66) (1992). Accordingly, we find no error in the trial court's admission of this testimony. See also *Evans v. State*, 201 Ga. App. 20, 26 (4) (410 SE2d 146) (1991).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 26, 1993.

*James W. Lovett*, for appellant.

*H. Lamar Cole*, District Attorney, *James E. Hardy, Mark E.*

*Mitchell, Assistant District Attorneys*, for appellee.