## A97A1735. HAGOOD v. THE STATE.
### (492 SE2d 606)

BLACKBURN, Judge.

Cleveland Hagood appeals his conviction by a jury of felony possession of a controlled substance. Hagood contends that the trial court erred in allowing hearsay evidence before the jury and that the evidence was insufficient to support his conviction. For the reasons set forth below, we affirm Hagood's conviction.

At trial, Corporal Jackson with the Savannah Police Department testified that he was in the area of 248 Fellwood in response to a call regarding a group of males and possible drug dealings. Jackson stated that as he pulled up he saw Hagood pull a plastic bag from his right pants pocket and drop it onto the ground. The bag contained 22 rocks of crack cocaine.

1. In his first enumeration of error, Hagood contends that the trial court erred in allowing Jackson to testify as to the unidentified call he received regarding a group of males and possible drug dealings. Hagood contends the evidence was inadmissible hearsay warranting reversal of his conviction.

"Under OCGA § 24-3-2, conversations had in the course of a legal investigation may be admitted as original evidence to explain the conduct of a law enforcement official provided the conduct involves a matter relevant to the issue on trial. . . . *Matthews v. State*, 194 Ga. App. 386, 387 (2) (390 SE2d 873) (1990). See also *Dawson v. State*, 205 Ga. App. 394 (2) (422 SE2d 280) (1992). Our Supreme Court has held that the facts and circumstances surrounding a defendant's arrest are relevant and admissible during the trial of a criminal case. *Clements v. State*, 226 Ga. 66 (1) (172 SE2d 600) (1970); *Ivester v. State*, 252 Ga. 333 (2) (313 SE2d 674) (1984). While the statement of the out-of-court declarant would not have been admissible as evidence of [Hagood's] guilt of the offense charged, it was nevertheless relevant and admissible to establish the events leading to the arrest. . . . *Aaron v. State*, 203 Ga. App. 658, 659 (1) (418 SE2d 66) (1992). Accordingly, we find no error in the trial court's admission of this testimony. See also *Evans v. State*, 201 Ga. App. 20, 26 (4) (410 SE2d 146) (1991)." (Punctuation omitted.) *Thompson v. State*, 210 Ga. App. 655, 657 (2) (436 SE2d 799) (1993).

Hagood's argument that the trial court did not limit the jury's consideration of the hearsay statement with a jury instruction is without merit in the absence of any request for such an instruction. See *Payne v. State*, 163 Ga. App. 276, 277 (1) (293 SE2d 483) (1982).

2. In his second enumeration of error, Hagood contends that the evidence was insufficient to support his conviction.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant . . . no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204) [(1991)]; *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381) [(1994)]. Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311) [(1976)]. *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130) [(1995)]. [Furthermore,] [t]he testimony of a single witness is generally sufficient to establish a fact. OCGA § 24-4-8." (Citations and punctuation omitted.) *Grisson v. State*, 225 Ga. App. 816, 817-818 (484 SE2d 802) (1997).

In the present case, the arresting officer positively identified Hagood as the person who dropped the plastic bag containing crack cocaine. Although Hagood denied possessing the drugs, the jury resolves conflicts in the evidence and weighs witness credibility. Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Hagood guilty beyond a reasonable doubt of possession of cocaine. See *Jackson v. Virginia*, supra.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 2, 1997.

*William O. Cox*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ian R. Heap, Jr., Assistant District Attorney*, for appellee.