S03A0307. INGRAM v. THE STATE.
(576 SE2d 855)

THOMPSON, Justice.

Defendant Darrell R. Ingram was convicted of felony murder, aggravated assault, and possession of a firearm during the commission of a crime, in connection with the shooting deaths of Ramone Kimble and Stacy Smalls, and the wounding of Lamar Jenkins.[1] On appeal, defendant argues, inter alia, he should have been awarded a new trial on the ground of newly discovered evidence. We detect no error and affirm.

Viewing the evidence in a light to uphold the verdict, we find the following: On the evening in question, defendant was riding in an automobile with Clyde Williams and Leaser Lee. Defendant, Williams and Lee passed the victims, who were walking down the street, and flashed gang signs. When one of the victims responded with an obscene gesture, defendant pulled out a gun and fired several shots, killing Kimble and Smalls, and wounding Jenkins. As defendant left

---

[1] The crimes occurred on March 10, 2000. In a ten count indictment, defendant was charged with two counts of malice murder, four counts of felony murder, one count of aggravated assault, and three counts of possession of a firearm during the commission of a crime. Trial commenced on October 23, 2000. The jury acquitted defendant of the malice murder charges and convicted him of the remaining counts of the indictment. On November 3, 2000, the trial court sentenced defendant to consecutive life terms on two of the felony murder counts, three consecutive five-year sentences on the firearm possession counts, and a consecutive twenty-year sentence on the aggravated assault count. Defendant filed a timely motion for new trial, which was denied on August 8, 2002, and a timely notice of appeal. The case was docketed in this Court on November 1, 2002, and submitted for decision on the briefs on December 23, 2002.

the scene with Williams and Lee, he said he "got two of them." Later, several witnesses identified defendant as the shooter. Defendant told the police he used a gun to protect himself and his "home boys." He added that he tried to fire in the air and did not mean to hurt anyone.

1. The evidence is sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant contends the trial court erred in denying his motion for a new trial on the ground of newly discovered evidence which demonstrated that Leaser Lee was the shooter. In this regard, he points to the motion hearing testimony of Leroy Houston who averred that on the night in question Lee asked him if he had any bullets for a gun.

To carry his burden on a motion for new trial based on newly discovered evidence, defendant must show (1) that he did not know of the evidence until after the trial; (2) that his failure to learn of the evidence sooner was not owing to the want of due diligence; (3) that the evidence is so material it would probably produce a different verdict; (4) that it is not merely cumulative; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the evidence does not solely impeach the credibility of a witness. *Timberlake v. State*, 246 Ga. 488 (1) (271 SE2d 792) (1980). The motion will be denied if defendant fails to satisfy any one of these six requirements. Id.

The evidence upon which defendant relies is not so material that it would probably produce a different verdict. The evidence does not show that Lee had a gun, much less that he had a gun at the time of the shooting. Even if it could be said that the evidence did show Lee was the shooter, it was merely cumulative of other evidence which defendant presented to that effect. It follows that the trial court did not abuse its discretion in denying the motion for a new trial. See *Young v. State*, 269 Ga. 490, 491 (2) (500 SE2d 583) (1998).

3. Defendant asserts the State violated *Brady* and *Giglio*[2] by failing to reveal that it promised Williams he would not be prosecuted if he testified against defendant. This assertion is wholly without merit. Defendant failed to produce any probative evidence whatsoever demonstrating that the prosecution made a deal with Williams in exchange for his testimony. *Wright v. State*, 205 Ga. App. 149, 150 (1) (421 SE2d 331) (1992).

4. During his cross-examination of a detective who investigated

---

[2] *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963); *Giglio v. United States*, 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972).

the case, defense counsel asked about statements made to the detective by witnesses and which implicated Leaser Lee and an unknown person in a blue shirt. The State interposed a hearsay objection; defense counsel responded that he was attempting to show that the detective did not conduct a thorough investigation. The trial court sustained the objection and defendant assigns error to that ruling.

The trial court did not abuse its discretion in curtailing defendant's cross-examination of the detective. See *Chastain v. State*, 257 Ga. 54, 55 (354 SE2d 421) (1987). See also *Klinect v. State*, 269 Ga. 570, 573 (501 SE2d 810) (1998). Defendant was able to introduce different evidence showing that the crime was committed by someone else.

*Judgment affirmed. All the Justices concur, except Fletcher, C. J., who concurs in Divisions 1, 2, 3 and in the judgment.*

DECIDED FEBRUARY 10, 2003.

*Zipperer & Lorberbaum, Eric R. Gotwalt*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Pawlak, Assistant Attorney General*, for appellee.